# CD&M Conway, Donovan & Manley, PLLC
ATTORNEYS AND COUNSELORS AT LAW

MICHAEL C. CONWAY
RYAN T. DONOVAN*
RYAN E. MANLEY

LUKAS M. HOROWITZ
MICHAEL J. LAWSON
LAUREN MORDACQ

CHRISTIAN F. HUMMEL
*Senior Counsel*

\* Also admitted in Massachusetts

Telephone: 518.436.1661
Facsimile: 518.432.1996
*Service by fax not accepted*

www.lawcdm.com

April 29, 2026

**VIA ECF**

Honorable Henry J. Ricardo
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:    **Perry v. New York State Athletic Commission, et. al.**
       **Case No.:  1:25-cv-00938 (JPC-HJR)**

Dear Judge Ricardo:

Defendant Lilliana Estrella-Castillo respectfully submits this letter in accordance with your Individual Rules, alerting the Court that she intends to submit a motion to dismiss Plaintiff's Second Amended Complaint.

My sincerest apologies to the Court for not submitting this correspondence sooner. I was under the wrong impression that Judge Cronan would be deciding dispositive motions, and his local rules do not require a pre-motion letter or conference. Given that the responsive pleading deadline is tomorrow, April 30, 2026, we intend to file the motion to avoid missing the deadline. We will not set a return date until after the conference, and we will happily re-file the motion if necessary. As such, the undersigned is happy to work with the Court and the Plaintiff to establish a briefing schedule that accommodates all parties.

At all relevant times, Defendant Estrella-Castillo was the Chief Administrative Law Judge for the New York State Division of Human Rights. Plaintiff's Second Amended Complaint ("SAC") contains claims against Defendant Estrella-Castillo in both her official and personal capacity. According to the SAC, in essence, Defendant Estrella-Castillo is named as she allegedly violated Plaintiff's constitutional rights when she reassigned Plaintiff's New York State Division of Human Rights case to a new judge upon the retirement of the previously assigned judge.

Plaintiff alleges eight (8) causes of action in her Second Amended Complaint: (1) Title VII Employment Discrimination Based on Race against Defendant NYSAC; (2) Title VII Employment Discrimination Based on Sex against Defendant NYSAC; (3) Title VII Retaliation against Defendant NYSAC; (4) 42 U.S.C. 1981 Race Discrimination against Defendants James Leary, Kimberly Sumbler, and Anthony Giardina; (5) 42 U.S.C. § 1983; U.S. Const. Amd. XIV (Equal Protection Clause) against Defendants James Leary, Kimberly Sumbler, Anthony Giardina, and Linda Baldwin; (6) 42. U.S.C. 1983; U.S. Const. Amd.

50 State Street ■ Second Floor ■ Albany, NY 12207

I (First Amendment) against all Defendants; (7) 42 U.S.C. 1983 Conspiracy to Violate Civil Rights and Deny Access to Court against Defendants James Leary, Linda Baldwin, and Lilliana Estrella-Castillo; and (8) 42 U.S.C. 1983; U.S. Const. Amd. XIV (Substantive Due Process) against all Defendants.

Defendant Estrella-Castillo intends to move to dismiss the SAC on several grounds as indicated below:

(1)  Defendant Estrella-Castillo is entitled to absolute judicial and quasi-judicial immunity as she was performing judicial functions when she reassigned Plaintiff's case to a new judge;

(2) Defendant Estrella-Castillo was not personally involved in any alleged constitutional deprivations; she only reassigned Plaintiff's case to a new judge;

(3) Plaintiff's substantive due process claims fail as a matter of law as she cannot establish a property interest or the requisite culpability for a substantive due process claim against Defendant Estrella-Castillo;

(4) Official-capacity claims are barred by the Eleventh Amendment, thus any claims against Defendant Estrella-Castillo fail as a matter of law;

(5) Injunctive relief is barred against Defendant Estrella-Castillo inasmuch as no declaratory decree was violated nor was declaratory relief unavailable to Plaintiff;

(6)  Defendant Estrella-Castillo is entitled to qualified immunity as Plaintiff cannot make out a violation of a clearly established constitutional right and Defendant Estrella-Castillo reasonably believed that reassigning a judge to Plaintiff's case was lawful; and

(7) Plaintiff's *Monell* claim fails as a matter of law against Defendant Estrella-Castillo as those claims are limited to local government units and do not attach to a state official sued in their individual capacity.

Based upon the foregoing, Defendant Estrella-Castillo respectfully requests that a pre-motion conference be scheduled at the court's convenience to allow this motion to proceed and set a briefing schedule.

Respectfully Submitted,

**CONWAY, DONOVAN & MANLEY, PLLC**

*Lauren N. Mordacq*

Lauren N. Mordacq
LMordacq@lawcdm.com

LNM:vs
cc.:   All counsel and plaintiff (via ECF)