UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DORTHEA PERRY,

      *Plaintiff, pro se*,


-against-                Case No. 25-CV-938
                       JPC-HJR



NEW YORK STATE ATHLETIC COMMISSION,
NEW YORK STATE DEPARTMENT OF STATE,
JAMES LEARY, KIMBERLY SUMBLER,
ANTHONY GIARDINA, LINDA BALDWIN,
LILLIANA ESTRELLA-CASTILLO, and
JOHN/JANE DOES 1-10,


      *Defendants*.


_____



**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ESTRELLA-CASTILLO'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**


         **CONWAY, DONOVAN & MANLEY, PLLC**

         *s/ Lauren N. Mordacq*

         Lauren N. Mordacq, Esq.
         Ryan T. Donovan, Esq.
         *Attorneys for Defendant Estrella-Castillo*
         50 State Street, 2nd Floor
         Albany, New York, 12207
         (518) 436-1661
         RDonovan@lawcdm.com
         LMordacq@lawcdm.com


Date: April 30, 2026

1

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT**…………………………………………………….. **6**

**PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY**……………………………… **6**

**STATEMENT OF FACTS**………………………………………………………... **8**

**STANDARD OF REVIEW**………………………………………………………. **11**

**ARGUMENT**…………………………………………………………………... **12**

    I.    **DEFENDANT ESTRELLA-CASTILLO IS ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY** ……………………………………………………**12**

    II.    **DEFENDANT ESTRELLA-CASTILLO IS ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY**……………………………………………………**14**

    III.    **DEFENDANT ESTRELLA-CASTILLO WAS NOT PERSONALLY INVOLVED IN ANY ALLEGED CONSTITIUIONAL DEPRIVATIONS**......……………...…**16**

    IV.    **PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIMS FAIL AS A MATTER OF LAW**…………………………………………………………………..**19**

    V.    **OFFICAL-CAPCAITY CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT**…………………………………………………………**21**

    VI.    **INJUNCTIVE RELIEF IS STATUORILY BARRED AGAINST JUDICIAL OFFICERS**…………………………………………………………**22**

    VII.    **DEFENDANT ESTRELLA-CASTILLO IS ENTITLED TO QUALIFIED IMMUNITY**…………………………………………………………..**23**

    VIII.    **PLAINTIFF'S CLAIM THAT DEFENDANT ESTRELLA-CASTILLO IS LIABLE UNDER *MONELL* FAILS AS A MATTER OF LAW**…………………………**25**

**CONCLUSION**…………………………………………………………………**27**

**CERTIFICATION OF WORD COUNT** ……………………………………………...**28**

2

## TABLE OF AUTHORITIES

### Cases

*Abdur-Raheem v. Selsky*, 598 F. Supp. 2d 367 (W.D.N.Y. 2009) .......................................... 21, 22

*Abramson v. Pataki*, 278 F.3d 93 (2d Cir. 2002) ........................................................ 20

*Agosto v. New York City Dep't of Educ.*, 982 F.3d 86 (2d Cir. 2020) ........................................ 26

*Ahmed v. Town of Oyster Bay*, 7 F. Supp. 3d 245 (E.D.N.Y. 2014) ............................................ 19

*Allen v. Koenigsmann*, 2022 WL 1597424 (S.D.N.Y. May 19, 2022) .......................................... 17

*Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40 (2d Cir. 1991) ..................................................... 11

*Alsaifullah v. Travis*, 160 F. Supp. 2d 417, 420-421 (E.D.N.Y. 2001)………………………… 18

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 11, 16

*Barnett v. Acker*, 2025 WL 2855629 (S.D.N.Y. Oct. 8, 2025) .................................................... 23

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 11

*Bliven v. Hunt*, 579 F.3d 204 (2d Cir. 2009) ................................................................ 12

*Butz v. Economou*, 438 U.S. 478 (1978) ..................................................................... 12

*Chisolm v. Kevins*, 2024 WL 3328592 (E.D.N.Y. July 8, 2024) ................................................ 23

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) .................................................... 26

*Clubside, Inc. v. Valentin*, 468 F.3d 144 (2d Cir. 2006) .................................................. 24

*Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995) ........................................................... 17

*Dean v. Town of Hempstead*, 2024 WL 3849688 (E.D.N.Y. Aug. 16, 2024) ............................. 17

*DeFalco v. Dechance*, 949 F. Supp. 2d 422 (E.D.N.Y. 2013) .................................................... 20

*District of Columbia v. Wesby*, 138 S. Ct. 577 (2018) .................................................... 24

*Estate of M.D. by DeCosmo v. New York*, 241 F. Supp. 3d 413 (S.D.N.Y. 2017) ....................... 26

*Felgemacher v. Carney*, 2025 WL 2261251 (W.D.N.Y. Aug. 6, 2025) ............................... 12, 22

*Feng Li v. Rabner,* 643 F. App'x 57 (2d Cir. 2017) ........................................................ 23

*Goldman v. Belden,* 754 F.2d 1059 (2d Cir. 1985) .......................................................... 11

*Gollomp v. Spitzer,* 563 F.3d 355 (2d Cir. 2009) ............................................................ 22

*Gonzalez v. City of Schenectady,* 728 F.3d 149 (2d Cir. 2013) ..................................... 24

*Gregory Smith v. City of New Rochelle, et. al.,* No. 24-cv-9899, 2026 WL 776028, *4 (S.D.N.Y. March 19, 2026)………………………………………………………………………… 26

*Gross v. Rell,* 585 F.3d 72 (2d Cir. 2009) .............................................................. 14, 15

*Hill v. Curcione,* 657 F.3d 116 (2d Cir. 2011) ............................................................... 11

*K.I. v. Sullivan,* 2026 WL 571301 (N.D.N.Y. Mar. 2, 2026) ........................................ 15

*Kampfer v. Argotsinger,* 856 F. App'x 334 (2d Cir. 2021) ...................................... 20, 21

*King v. Simpson,* 189 F.3d 284 (2d Cir. 1999) ............................................................... 15

*LeDuc v. Tilley,* 2005 WL 1475334 (D. Conn. June 22, 2005) ...................................... 23

*Leonard F. v. Israel Discount Bank of N.Y.,* 199 F.3d 99 (2d Cir. 1999) ..................... 11

*McCann v. Coughlin,* 698 F.2d 112 (2d Cir. 1983) ........................................................ 16

*Meriwether v. Coughlin,* 879 F.2d 1037 (2d Cir. 1989) ................................................. 16

*Mitchell, Maxwell & Jackson, Inc. v. State,* 66 Misc. 3d 718 (2019) ........................... 12

*Mireles v. Waco,* 502 U.S. 9 (1991) ............................................................................... 14

*Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978) ..................................................... 26

*Morris v. Eversley,* 282 F. Supp. 2d 196 (S.D.N.Y. 2003) .............................. 16, 21, 22

*Murphy v. City of New York,* 719 F. Supp. 3d 357 (S.D.N.Y. 2024) ....................... 17, 18

*Parent v. New York,* 786 F. Supp. 2d 516 (N.D.N.Y. 2011) .................................... 12, 13

*Pena v. DePrisco,* 432 F.3d 98 (2d Cir. 2005) ....................................................... 20, 21

*People v. Leon,* 63 F.4th 132 (2d Cir. 2023) .................................................................. 24

*Richey v. Sullivan,* 2025 WL 1836492 (N.D.N.Y. July 3, 2025) ................................... 14

*Soundview Associates v. Town of Riverhead*, 725 F.Supp.2d 320, 339-340 (E.D.N.Y. 2010)….. 19

*Stoudymire v. N.Y.S. Div. of Human Rights*, 36 Misc. 3d 919 (2012) ................................... 12, 13

*Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020) ........................................................... 17, 18

*Taravella v. Town of Wolcott*, 599 F.3d 129 (2d Cir. 2010) ........................................................ 24

*Tessler v. Paterson*, 768 F. Supp. 2d 661, 670 (S.D.N.Y. 2011)………………………………….. 24

*Thomas v. City of New York*, 143 F.3d 31 (2d Cir. 1998) ............................................................. 11

*Tygrett v. City of New York*, 2019 WL 13413361 (E.D.N.Y. Apr. 11, 2019) .............................. 19

*Walker v. N.Y.S. Justice Ctr. for the Protection of People with Special Needs*,
493 F. Supp. 3d 239 (S.D.N.Y. 2020) ................................................................................. 21, 22

*Weems v. New York*, No. 6:23-CV-6305 EAW, 2024 WL 4150397, *5 (W.D.N.Y. Sept. 10, 2024) ........................................................................................................................................ 26

*Wetzel v. Town of Orangetown*, 2010 WL 743039 (S.D.N.Y. Mar. 2, 2010) .................. 12, 13 ,15

*White v. Pauly*, 137 S. Ct. 548 (2017) ........................................................................................ 24

*Wiggins v. Griffin*, 86 F.4th 987 (2d Cir. 2023) ......................................................................... 17

*Wright v. Smith*, 21 F.3d 496 (2d Cir. 1994) .............................................................................. 16

*Zahl v. Kosovsky*, 2011 WL 779784 (S.D.N.Y. Mar. 3, 2011) ................................................... 13

## **Statutes**

Fed. R. Civ. P. 12(b)(6)………………………………………………………………… 6, 11

Fed. R. Civ. P. 11 ………………………………………………………………………….. 15

42 U.S.C. § 1983 ................................................................................................................. *passim*

**PRELIMINARY STATEMENT**

Defendant, Chief Administrative Law Judge Lilliana Estrella-Castillo, has been wrongfully sued for reassigning Plaintiff's New York State Division of Human Rights ("DHR") case to a different judge. At all relevant times, Judge Estrella-Castillo was the Chief Administrative Law Judge for the New York State Division of Human Rights. Defendant Estrella-Castillo, now moves to dismiss the claims asserted against her in this action. This memorandum of law is submitted in support of the Defendant Estrella-Castillo's Motion to Dismiss pursuant to Fed. R. Civ. 12(b)(6) for failure to state a claim.

The claims against Defendant Estrella-Castillo were brought against her in both her official and personal capacity. Any claims brought against Defendant Estrella-Castillo in her official capacity must be dismissed pursuant to the Eleventh Amendment. As to Plaintiff's claims against Defendant Estrella-Castillo in her personal capacity, they warrant dismissal because (1) Defendant Estrella-Castillo is entitled to absolute judicial immunity and quasi-judicial immunity as she was performing judicial functions when she re-assigned a judge to Plaintiff's case; (2) Defendant Estrella-Castillo does not have personal involvement in any alleged constitutional deprivations; (3) Plaintiff cannot establish a property interest nor the requisite conscience-shocking behavior to support her Substantive Due Process Claim; (4) injunctive relief is statutorily barred against judicial officers; (5) Defendant Estrella-Castillo is entitled to qualified immunity because a judicial official would believe that re-assigning a judge to a case was lawful and reasonable; and (6) Plaintiff's municipal liability claim under *Monell* is not applicable to Defendant Estrella-Castillo.

**PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY**

*Pro se* Plaintiff Dorthea Perry commenced this action with the filing of a Complaint for violations of her right to Due Process and her right to Procedural Fairness against Defendants New York State Human Rights, New York State Athletic Commission (NYSAC), and Anthony

Giardiana on January 31, 2025. Dkt. No. 1. Plaintiff filed her First Amended Complaint of unlawful employment discrimination, retaliation, and systematic constitutional violations against Defendants New York State Division of Human Rights (NYSDHR), New York State Athletic Commission (NYSAC), New York State Department of State (NYSDOS), Anthony Giardina, and for the first time, including Defendants James Leary, Kimberly Sumbler, Linda Baldwin, and Lilliana Estrella-Castillo on October 7, 2025. Dkt. No. 14. Plaintiff filed her Second Amended Complaint of an unlawful employment discrimination, retaliation, and conspiracy case against Defendants New York State Athletic Commission, New York State Department of State, James Leary, Kimberly Sumbler, Anthony Giardina, Linda Baldwin, Lilliana Estrella-Castillo, and for the first time, John/Jane Does 1-10 on November 14, 2025. Dkt No. 24. Markedly missing from her Second Amended Complaint was Defendant New York State Division of Human Rights. Dkt. No. 24.

Plaintiff alleges eight (8) Causes of Action in her Second Amended Complaint: (1) Title VII Employment Discrimination Based on Race against Defendant NYSAC; (2) Title VII Employment Discrimination Based on Sex against Defendant NYSAC; (3) Title VII Retaliation against Defendant NYSAC; (4) 42 U.S.C. 1981 Race Discrimination against Defendants James Leary, Kimberly Sumbler, and Anthony Giardina; (5) 42 U.S.C. § 1983; U.S. Const. Amd. XIV (Equal Protection Clause) against Defendants James Leary, Kimberly Sumbler, Anthony Giardina, and Linda Baldwin; (6) 42. U.S.C. 1983; U.S. Const. Amd. I (First Amendment) against all Defendants; (7) 42 U.S.C. 1983 Conspiracy to Violate Civil Rights and Deny Access to Court against Defendants James Leary, Linda Baldwin, and Lilliana Estrella-Castillo; and (8) 42 U.S.C. 1983; U.S. Const. Amd. XIV (Substantive Due Process) against all Defendants.[1]

---

[1] Plaintiff has alleged numerous causes of action against Defendants jointly, and individually against Defendant Estrella-Castillo. To the extent that causes of action jointly include specific allegations of wrongdoing against

**STATEMENT OF FACTS**[2]

According to Plaintiff's Second Amended Complaint[3], this action stems from a decade-long conspiracy by state officials to obstruct her career and deny her civil rights. Dkt. 24, p. 1. Plaintiff was employed by Defendant NYSAC from 2004 – 2014 as a per diem inspector for professional combat sports including boxing, mixed martial arts, kickboxing, and wrestling. *Id.* at 4. Somewhere between 2004 and 2014, Plaintiff filed a discrimination complaint with NYSAC's Equal Employment Opportunity office after the then-NYSAC Chairmen told her that "she would 'never be a judge in New York.'" *Id.* at 5. In July 2014, Plaintiff applied for a boxing judge license and was subsequently denied due to a two-year bar pursuant to Public Officers Law § 73(8)(a) where a NYSAC employee cannot apply for a judging license while employed with NYSAC. *Id.* at 5-6. She then filed a complaint with the Director of Affirmative Action Programs at NYSAC alleging that the denial of her application for a judging license was because of her age and that the Public Officers Law was being selectively applied to her as a black woman. *Id.* at 7. This complaint was quickly closed "without adequate investigation or remedy." *Id.* In October 2014, Plaintiff filed a discrimination complaint with the New York State Division of Human Rights challenging the ongoing discrimination and hostile work environment at NYSAC. *Id.*

On or around November 2015, Plaintiff allegedly received a threatening letter from Defendant James Leary demanding that she "cease working as a boxing judge in Virginia or resign from NYSAC." Dkt. 24, p. 8. On or around January 8, 2016, Plaintiff replied to the letter via email telling Defendant Leary that she believed his alleged threat was in retaliation for the October 2014

---

Defendant Estrella-Castillo, she moves for dismissal as to *any* claims against her that can be gleaned from this *pro se* complaint.

[2] These facts, as alleged in Plaintiff's Second Amended Complaint, are taken a true solely for the purposes of this motion.

[3] It appears that Plaintiff used the assistance of artificial intelligence in her filings. *See* Dkt. No. 19.

complaint she submitted to the NYS Human Rights Division. *Id.* Plaintiff additionally cites many instances in which she believes that white male employees were promoted or exempt from following certain rules where she, as a black woman, was not. *Id.* at 9-12. On or around March 2017, Plaintiff sought promotion to Deputy Commissioner at NYSAC. Defendant Anthony Giardina, then Acting Executive Director of NYSAC, "systematically obstructed Ms. Perry's advancement due to racial and sexual bias." *Id.* at 12. From 2017-2018, Plaintiff sent emails to NYSAC officials, including Defendant Linda Baldwin raising concerns that NYSAC was creating a hostile work environment and discriminatory conditions. *Id.* at 13. On or around March 15, 2018, Plaintiff filed a confidential whistleblower complaint with the New York State Inspector General (NYSIG) about "the integrity of the EEO process itself." *Id.* at 13-14.

On or around April 2018, Plaintiff alleges that Defendant NYSAC manufactured an incident that they would then use to terminate her. Dkt. 24, pp. 15-17. On April 25, 2018, Plaintiff was terminated for breach of protocol when she allowed an unauthorized individual into a boxer's locker room at an event where she was working. *Id.* at 15-17. On or around April 27, 2018, Plaintiff sent an email to Lieutenant Governor Kathy Hochul "to report her unlawful termination and seek intervention at the highest level of state government. *Id.* at 18. On or around May 7, 2018, Plaintiff filed a verified complaint with the New York State Division of Human Rights and on or around March 20, 2019, the NYSDHR issued a "Determination After Investigation" finding probable cause to believe that Defendants engaged in unlawful discriminatory practices." *Id.* at 22. NYSAC appealed this decision, which NYSDHR's chief legal officer upheld. *Id.*

An initial hearing at the NYSDHR was scheduled for August 16, 2021, before Administrative Law Judge (ALJ) Alexander Linzer. Dkt. No. 24, pp. 22. Judge Linzer recused himself because of a conflict of interest with Defendant Linda Baldwin. *Id.* The case was then

9

reassigned to ALJ Martin Erazo Jr. who heard Plaintiff's side of the case. *Id.* at 23. On or around June 21, 2023, Plaintiff received a letter signed by Defendant Chief ALJ Lilliana Estrella-Castillo, noting that ALJ Erazo was retiring and a new ALJ, Sharon A. Sorkin would be assigned to her case. *Id.* ALJ Sorkin wrote the final recommendation on or around June 13, 2024, after only hearing the Defendants' case "live." *Id.* [4]

In October 2023, months after Plaintiff received the letter from Defendant Estrella-Castillo, ALJ Erazo was supposedly assigned to preside over a new matter as well as authoring and issuing orders in a number of other cases with decisions dated July 11, 2024, and December 18, 2024. *Id.* As Chief ALJ, Defendant Estrella-Castillo allegedly possessed "final, unreviewable policymaking authority over case assignments and the management of administrative hearings." *Id.* at 24.

While still litigating her case with NYSDHR, Plaintiff also filed a complaint with the New York State Department of Labor (NYSDOL). Dkt. 24, pp. 25. On or around March 2022, NYSDOL's Special Counsel for Worker Protection issued a finding stating, "clearly that NYSAC's reason for terminating Perry 'was not credible.'" *Id.* Plaintiff then shared this finding with NYSDHR and then in May 2022, "the DOL abruptly reversed course" and revised their finding from "not credible" to "may have been pretextual." *Id.* Plaintiff filed a new complaint with NYSDHR in 2024 after filing this suit, which NYSDHR allegedly did not process. *Id.* at 27. On January 31, 2025, Plaintiff commenced the instant action by filing a Complaint. Dkt. 1. On October 7, 2025, Plaintiff filed an Amended Complaint. Dkt. 14. On November 14, 2025, Plaintiff filed a Second Amended Complaint. Dkt. 24.

---

[4] Plaintiff alleges that the hearing schedule was protracted, however, the Second Amended Complaint does not make the hearing timeline clear. As alleged, the initial hearing was set to begin on August 16, 2021. Dkt. 24 at p. 22. It appears that hearings were held in May 2022, November 2022, February 2023, and that ALJ Erazo retired in June 2023. Dkt. 24 at pp. 12, 23-24. It is also alleged that a final recommendation was issued on June 13, 2024, and a final order was signed on November 7, 2024. Dkt. 24 at pp. 23-24. It is unclear if any additional hearings were held.

**STANDARD OF REVIEW**

On a motion to dismiss, the allegations in the complaint are accepted as true, and the court must draw all reasonable inferences in favor of plaintiff. *See Thomas v. City of New York*, 143 F.3d 31, 37 (2d Cir. 1998). The court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Although a complaint does not need "detailed factual allegations… [it must contain] more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (internal citation omitted). The complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Id.*, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Bell Atlantic Corp.*, 550 U.S. at 555). "In adjudicating a Rule 12(b)(6) motion, a district court may consider 'facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999), quoting *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). When a complaint is filed *pro se*, it must be construed liberally with "special solicitude, interpreting the complaint to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks, brackets, and citations omitted).

## ARGUMENT

### POINT I: DEFENDANT ESTRELLA-CASTILLO IS ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY

"Absolute immunity is accorded to judges and prosecutors functioning in their individual capacities and, under certain circumstances, is also extended to officials of government agencies performing certain functions analogous to those of a prosecutor or judge." *Wetzel v Town of Orangetown*, No. 06 Civ. 6117, 2010 WL 743039, *3 (S.D.N.Y. March 2, 2010); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). In *Butz v. Economou*, 438 U.S. 478 (1978), the Supreme Court held that federal administrative law judges are entitled to absolute immunity from damages liability for their judicial acts. *Id.* at 512-513. Additionally, in *Stoudymire v. NYS Div. of Human Rights*, 36 Misc. 3d 919, 922 (2012), the court determined that "administrative judges perform judicial functions and have been granted absolute immunity for official acts performed within the scope of their judicial functions."

When an ALJ acts as the presiding judge with an "authority to establish a procedure necessary to carry into effect the powers and jurisdiction" of the administrative courts, "judicial immunity attaches to the act at issue." *Id.* Furthermore, New York Courts recognize that ALJs are "quasi-judicial officers, and are generally subject to the same limitations and privileges applicable to judges generally." *Mitchell, Maxwell & Jackson, Inc. v State*, 66 Misc. 3d 718, 722 (2019). As relevant here, the assignment of cases is deemed a judicial function as it directly concerns the case-deciding process. *See Parent v. New York*, 786 F. Supp. 2d 516, 532 (N.D.N.Y. 2011), aff'd, 485 F. App'x 500 (2d Cir. 2012) ("The assignment of cases and issuance of consolidation orders are judicial functions normally performed by, and statutorily reserved to, [the Chief Judge and Chief Administrator]. Courts have deemed such functions to be judicial in nature even though they are not directly related to a particular case") (internal quotation marks and citation omitted).

12

Additionally, judicial immunity is only overcome if a judge's actions are taken in complete absence of all jurisdiction. *See Felgemacher v. Carney*, 25-cv-128, 2025 WL 2261251, *6 (W.D.N.Y. August 6, 2025). Lastly, "[j]udicial immunity is imperative to the nature of the judicial function that judges be free to make decisions without fear of retribution through accusations of malicious wrongdoing." *Stoudymire v. NYS Div. of Human Rights*, 36 Misc. 3d at 922.

Here, Plaintiff states that her rights were violated by Defendant Estrella-Castillo's actions as Chief ALJ, which included assigning and/or re-assigning ALJs to Plaintiff's case which resulted in an allegedly unfair hearing and obstructed her pursuit of administrative remedies. Dkt. 24, pp. 23-24. As the Chief Administrative Law Judge for the New York State Division of Human Rights, Defendant Estrella-Castillo's action of assigning or re-assigning judges to Plaintiff's case qualifies as a judicial function to which judicial immunity attaches, thus providing the grounds for her dismissal from this matter. *See Parent v. New York*, 786 F. Supp. 2d at 532; *see also Zahl v. Kosovsky,* No. 08 Civ. 8308, 2011 WL 779784, at *9 (S.D.N.Y. Mar. 3, 2011) (alleged manipulation of the assignment system and failure to recuse in light of a conflict of interest did not strip defendant justice of judicial immunity). Moreover, Plaintiff cannot demonstrate that Defendant Estrella-Castillo's actions were taken in complete absence of jurisdiction. *See Stoudymire v. NYS Div. of Human Rights*, 36 Misc. 3d at 922. The actions of Defendant Estrella-Castillo here, are the exact reason why judicial immunity protections are in place, so as to shield judges from accusations of wrongdoing without fear of retribution in their decision-making. *Id.* Lastly, inasmuch as Plaintiff sued Defendant Estrella-Castillo in her personal capacity, absolute immunity attaches. *See Wetzel v Town of Orangetown*, No. 06 Civ. 6117, 2010 WL 743039, *3

Based upon the foregoing, Plaintiff's Sixth, Seventh, and Eighth Causes of Actions against Defendant Estrella-Castillo (and any other implied claim that can be gleaned against Defendant

13

Estrella-Castillo within Plaintiff's Second Amended Complaint) must be dismissed as she has absolute judicial immunity in this case.

### POINT II. DEFENDANT ESTRELLA-CASTILLO IS ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY

Alternatively, if the Court does not find that Defendant Estrella-Castillo is entitled to absolute immunity, she is entitled to quasi-judicial immunity. Quasi-judicial immunity is an affirmative defense that may be raised in a pre-answer motion to dismiss, and courts often dismiss on quasi-judicial immunity grounds at the pleading stage. *See Richey v. Sullivan*, 1:23-cv-344, 2025 WL 1836492, *12 (N.D.N.Y. July 3, 2025). Notably, and as relevant here, "[o]fficials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Id. "*Judicial and quasi-judicial immunity are both absolute immunities." *Gross v. Rell*, 585 F.3d 72, 81 (2d Cir. 2009), *certified question answered*, 40 A.3d 240 (Conn. 2012); *see Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages").

"To determine whether an official is entitled to quasi-judicial immunity, courts consider the following factors: (a) the need to assure that the individual can perform [their] function without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." *Richey v. Sullivan*, 1:23-cv-344, 2025 WL 1836492, *14 (N.D.N.Y. July 3, 2025). "However, the six factors above are just a few of the many checks on malicious action by judges. Ultimately, to ascertain whether an official is entitled to quasi-judicial immunity, courts take 'a functional approach and look to the particular acts or responsibilities that the official

14

performed.'" *K.I. v. Sullivan*, 1:25-cv-00264, 2026 WL 571301, *12, (N.D.N.Y. March 2, 2026), *citing King v. Simpson*, 189 F.3d 284, 287-288 (2d Cir. 1999); *see Gross v. Rell*, 585 F.3d 72, 81 (2d Cir. 2009). Furthermore, the "doctrine of quasi-judicial immunity extends immunity to administrative officials performing discretionary acts of a judicial nature, and bars claims against administrative law judges and hearing examiners performing judicial functions." *Wetzel v. Town of Orangetown*, 2010 WL 743039, *15 (S.D.N.Y. March 2, 2010) (internal quotation marks and citations omitted).

Here, Plaintiff's allegations against Defendant Estrella-Castillo fall directly into her role as Chief ALJ. A functional approach here, rests on the factual inquiry, which according to Plaintiff, Defendant Estrella-Castillo was responsible for overseeing the ALJs and administrative proceedings including case assignment, reassignment and case management. Dkt. 24, pp. 24, 46. This included signing the letter that was sent to Plaintiff indicating that ALJ Erazo was retiring and a new ALJ would be assigned. *Id.* at 24. While Plaintiff contends that these actions created a "structurally unfair hearing" and that the "hearing process was tainted by conflicts of interest and procedure irregularities" *Id.* at 22-23, the action of assigning and reassigning judges to cases is a classic quasi-judicial function for which she has absolute immunity from damages as any actions stemmed from her tasks and responsibilities. *See K.I. v. Sullivan*, 2026 WL 571301, at *12, (N.D.N.Y. March 2, 2026). Thus, the functional approach favors granting Defendant Estrella-Castillo judicial immunity. *King v. Simpson*, 189 F.3d 284, 287-88 (2d Cir. 1999).

Based upon the foregoing, Plaintiff's Sixth, Seventh, and Eighth Causes of Actions (and any other implied claim that can be gleaned against Defendant Estrella-Castillo within Plaintiff's Second Amended Complaint) against Defendant Estrella-Castillo must be dismissed for failure to state a claim as she has absolute quasi-judicial immunity in this case.

15

**POINT III: DEFENDANT ESTRELLA-CASTILLO WAS NOT PERSONALLY INVOLVED IN ANY ALLEGED CONSTITUTIONAL DEPRIVATIONS.**

Plaintiff's sixth, seventh, and eighth causes of action pursuant to 42 U.S.C. § 1983; U.S. Const. Amd. I (First Amendment), and U.S. Const. Amd. XIV (Substantive Due Process) must be dismissed as Defendant Estrella-Castillo does not have personal involvement in any of the alleged constitutional deprivations. Dkt. No. 24, pp. 38-48.[5]

"To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show that: (1) the defendants acted under color of state law (2) to deprive a plaintiff of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States. An individual defendant is not liable under § 1983 absent personal involvement" (*Morris v. Eversley*, 282 F.Supp.2d 196, 202 (S.D.N.Y. 2003) (internal quotation marks and citations omitted); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). "Personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages. To establish a § 1983 claim for deprivation of a protected liberty or property interest without due process, a plaintiff must show that the defendants were personally involved in unconstitutional conduct." *Id.* at 202-203 (internal quotation marks, citations, and ellipsis omitted). Furthermore, "supervisory liability may be imposed when an official has actual or constructive notice of unconstitutional practices and demonstrates 'gross negligence' or 'deliberate indifference' by failing to act." *Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989), *citing McCann v. Coughlin*, 698 F.2d 112, 125 (2d Cir. 1983).

Prior to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), there were five categories of evidence used to establish the liability of a supervisory official under § 1983. Those included "'(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed

---

[5] To the extent that a claim for deliberate indifference is made against Defendant Estrella-Castillo in Plaintiff's fifth cause of action, this claim must also be dismissed for lack of personal involvement.

16

of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiffs] by failing to act on information indicating that unconstitutional acts were occurring.'" *Tangreti v. Bachmann*, 983 F.3d 609, 615 (2d Cir. 2020) *citing Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). The *Iqbal* decision "cast doubt on the continued viability of the special standards for supervisory liability set forth in *Colon*," and, because of that, "district and circuit courts have had inconsistent results with what standard to impose" *Tangretti v. Bachmann*, at 617. Pursuant to *Bachmann*, the Second Circuit has determined that to "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Id.* at 620; *see Dean v Town of Hempstead*, No. 14-cv-4951, 2024 WL 3849688, *31 (E.D.N.Y. Aug. 16, 2024). In other words, "[t]o establish a § 1983 violation, a plaintiff must plead (and later prove) that each defendant was personally involved in the alleged constitutional violation. A defendant cannot be held vicariously liable under § 1983 for employing or supervising an employee that violated the plaintiff's rights; rather, a plaintiff must plead that Government-official defendant, through the official's own individual actions, has violated the Constitution." *Murphy v City of New York*, 719 F. Supp 3d. 357, 370 (S.D.N.Y. 2024); *see Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023); *Tangreti v. Bachmann*, at 618; *Allen v. Koenigsmann*, 2022 WL 1597424, at *9 (S.D.N.Y. May 19, 2022).

The Second Amended Complaint alleges that Defendant Estrella-Castillo, at all relevant times, was Chief Administrative Law Judge at NYSDHR who was the official responsible for

overseeing NYSDHR's ALJs and administrative proceedings. Dkt. No. 24, pp. 3, 24. The Second Amended Complaint also alleges that Defendant Estrella-Castillo was involved in the systematic manipulation of Plaintiff's case by signing a letter "containing the demonstrably false statement that ALJ Erazo was retiring." *Id.* at 24. Plaintiff further asserts that Defendant Estrella-Castillo "possessed final, unreviewable policymaking authority over case assignments and the management of the administrative hearings." *Id.* Accordingly, the Second Amended Complaint alleges that Defendant Estrella-Castillo "acted under color of state law and used her position to obstruct [Plaintiff's] pursuit of administrative remedies in furtherance of the conspiracy to deny [Plaintiff] equal protection and retaliation for her protected activity." *Id.*

Here, to the extent that Plaintiff asserts that Defendant Estrella-Castillo violated her First and Fourteenth Amendment rights under 42 U.S.C. § 1983, Plaintiff has not plausibly alleged that (1) Defendant Estrella-Castillo was personally involved in the violation, or (2) that Defendant Estrella-Castillo, in her role as Chief ALJ, was vicariously liable for the other ALJs involved in the NYSDHR hearing. *Murphy v City of New York*, 719 F. Supp 3d. at 370; *Alsaifullah v. Travis*, 160 F. Supp. 2d 417, 420-421 (E.D.N.Y. 2001). Plaintiff indicates that Defendant Estrella-Castillo was responsible for overseeing NYSDHR's ALJs and administrative proceedings, specifically as she reassigned the case to another ALJ after ALJ Erazo retired, *see* Dkt. 24, pp. 24, however, nothing in the Second Amendment Complaint establishes that Defendant Estrella-Castillo, or the other ALJs, violated the Constitution. *Tangreti v. Bachmann,* 983 F.3d. at 617; *Alsaifullah v. Travis*, 160 F. Supp. 2d at 420-421.

Furthermore, nothing in the Second Amended Complaint indicates that Defendant Estrella-Castillo had knowledge of anything related to Plaintiff's case before NYSDHR much less direct

18

participation in the actual case. *Tygrett v. City of New York*, No. 18-cv-6060, 2019 WL 13413361, *2 (E.D.N.Y. April 11, 2019).

Based upon the foregoing, the Second Amended Complaint must be dismissed against Defendant Estrella-Castillo for lack of personal involvement.

### POINT IV: PLAINTIFFS SUBSTANTIVE DUE PROCESS CLAIMS FAIL AS A MATTER OF LAW

Plaintiff brings two claims against Defendant Estrella-Castillo pursuant to 42 U.S.C. § 1983 under the Fourteenth Amendment: (1) a claim that her property interest was denied; and (2) a claim of a violation of civil rights and a denial of access to courts, as a "protected property interest" Dkt. 24, pp. 39.[6]

#### A. Substantive Due Process Standard

"To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, (2) by a person acting under the color of state law." *Ahmed v. Town of Oyster Bay*, 7 F.Supp.3d 245, 253 (E.D.N.Y. March 18, 2014); 42 U.S.C. 1983. "The Due Process Clause of the Fourteenth Amendment protects persons against deprivations of 'life, liberty, or property.'" *Town of Oyster Bay*, 7. F. Supp.3d at 255 (citing U.S. Const. amend. XIV, § 1). "Substantive due process is a means of protection of the individual against arbitrary action of government. In order to establish a violation of a right to substantive due process, after plaintiff demonstrates that it was denied a valid property interest, a plaintiff must demonstrate not only government action but also that the government action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. To satisfy this

---

[6] While Plaintiff alleges that a denial of access to courts is a protected property interest, which would indicate a Fourteenth Amendment claim, access to the courts is a First Amendment right. *See Soundview Associates v. Town of Riverhead*, 725 F.Supp.2d 320, 339-340 (E.D.N.Y. 2010).

19

standard, a plaintiff must show that the government decision it challenges was arbitrary or irrational or motivated by bad faith" *Id.* at 256 (internal quotation marks and citations omitted).

### B. Plaintiff Has Not Established a Property Interest nor the Requisite Culpability for a Substantive Due Process Claim.

To establish a property interest for the purposes of the Due Process Clause, the Plaintiff must show a clear entitlement to the interest. *See Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002); *DeFalco v. Dechance*, 949 F.Supp.2d 422, 431 (E.D.N.Y. 2013). "An abstract need, desire or unilateral expectation is not enough. Employees at will have no protectable property interest in their continued employment. But a protectable property interest may arise in a situation where an employee may be removed only for cause." *Abramson*, 278 F.3d at 99. Additionally, "[i]n order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Pena v. DePrisco*, 432 F.3d 98, 112 (2d. Cir. 2005) (internal quotation marks and citations omitted).

Plaintiff alleges in the Second Amended Complaint that she has a "constitutionally protected property interest in her continued employment with NYSAC." Dkt. 24, pp. 47. She further alleges that she was wrongfully terminated by Defendant NYSAC for filing a whistleblower complaint, even though she was told by Defendant NYSAC that the termination was for breach of protocol. *Id.* at 13-17. Most importantly, Plaintiff cannot establish a property interest in her continued employment for purposes of a substantive due process claim. *See Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002); *Kampfer v. Argotsinger*, 856 F. App'x at 334-335 (finding that Plaintiff had no property interest in his employment position). Additionally, as this has nothing to do with the wrongful termination, Plaintiff has not alleged anything to suggest that Defendant Estrella-Castillo's actions were egregious, outrageous or conscience shocking. *See*

20

*Pena*, 432 F.3d at 112; *Kampfer v. Argotsinger*, 856 F. App'x at 334-335 ("[Plaintiff] had no property interest, fundamental or otherwise, in the DCO position and, consequently, his not being reappointed could not have been arbitrary or conscience-shocking. The district court therefore properly" granted dismissal of Plaintiff's substantive due process claim.) (internal quotation marks and citations omitted).  Further, Defendant Estrella-Castillo had no part in Plaintiff's termination from Defendant NYSAC (or any other governmental action here) thus, this action is not arbitrary where Defendant Estrella-Castillo is concerned. *See id.*

Accordingly, because Plaintiff has failed to establish a property interest and the requisite culpability as to Defendant Estrella-Castillo, her claim under the Fourteenth Amendment must be dismissed.

## POINT V: OFFICIAL-CAPACITY CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

Assuming, *arguendo*, that the case is not dismissed for the above reasons, "[u]nder the Eleventh Amendment, absent waiver by the state or valid congressional override, state employees in their official capacities are not amenable to suit for money damages. States – and state officers, if sued in their official capacities for retrospective relief – are not persons subject to suit under § 1983." *Morris v. Eversley*, 282 F.Supp.2d 196, 202 (S.D.N.Y. 2003) (internal quotation marks, citations, and ellipsis omitted); *see Walker v. NYS justice for Protection of People with Special Needs*, 493 F. Supp.3d 239, 246 (S.D.N.Y. 2020). "A claim that is barred by a state's sovereign immunity must be dismissed pursuant to the Eleventh Amendment for lack of subject matter jurisdiction." *Walker*, 493 F.Supp.3d at 246. Moreover, "Congress did not abrogate the States' sovereign immunity when it enacted [§ 1983], and New York has not waived its immunity." *Id.* Stated otherwise, claims brought against state employees in their official capacity are barred by the Eleventh Amendment.  *See Abdur-Raheem v. Selsky*, 598 F. Supp. 2d 367, 369 (W.D.N.Y. 2009)

21

Plaintiff purports to sue Defendant Estrella-Castillo in both her individual and official capacities, Dkt. 24, p. 3, however, Plaintiff may only sue her in her individual capacity as she is an employee of the New York State Division of Human Rights. *Id.* Thus, she is immune from suit in her official capacity under the Eleventh Amendment. *See Abdur-Raheem v. Selsky*, 598 F. Supp. 2d at 369 ("to the extent that [the claims] are brought against defendants in their official capacities, they [] therefore barred by the Eleventh Amendment"); *Walker*, 493 F.Supp.3d at 246; *Morris*, 282 F. Supp.2d at 202. Moreover, the "New York Unified Court system is an 'arm of the state and is therefore protected by Eleventh Amendment sovereign immunity,'" which further insulates Defendant Estrella-Castillo as she is an arm of New York State in her role as Chief ALJ. *Felgemacher v. Carney*, 25-cv-128, 2025 WL 2261251, *4 (W.D.N.Y. August 6, 2025) (citing *Gollomp v. Spitzer*, 563 F.3d 355, 366 [2d Cir. 2009]).

As such, the official capacity claims must be dismissed against Defendant Estrella-Castillo as they are barred by the Eleventh Amendment.

### POINT VI: INJUNCTIVE RELIEF IS STATUORILY BARRED AGAINST JUDICIAL OFFICERS

In the Second Amended Complaint, Plaintiff requests injunctive relief "requiring Defendants to implement reforms to prevent future discrimination, sexual harassment, retaliation, and obstruction of civil rights complaints, including prospective relief ordering proper processing of discrimination complaints and fair administrative hearings at NYSDHR through Defendant Estrella-Castillo in her official capacity." Dkt. 24 pp.48. If the court does not determine that Defendant Estrella-Castillo cannot be sued in her official capacity pursuant to the Eleventh Amendment, *see Walker v. NYS justice for Protection of People with Special Needs*, 493 F. Supp.3d 239, 246 (S.D.N.Y. 2020), then the court should determine that as a judicial officer, all claims of

injunctive relief are statutorily barred. *See Barnett v. Acker*, 25-cv-6174, 2025 WL 2855629, *3 (S.D.N.Y. October 8, 2025).

42 U.S.C. § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *See id.* at *4. "This statutorily judicial immunity bars all claims for injunctive relief against all judges for acts taken in their judicial capacity unless the plaintiff alleges that a declaratory decree was violated or that declaratory relief was unavailable." *Id.*

Plaintiff has not alleged that Defendant Estrella-Castillo violated a declaratory decree or that one was unavailable. *See, e.g. Feng Li v. Rabner*, 643 Fed.Appx. 57, 59 (2d Cir. 2017). Defendant Estrella-Castillo was acting in her "judicial capacity" as the Chief ALJ who oversaw the case, no declaratory decree was violated, and Plaintiff did not plausibly allege that declaratory relief was unavailable to her. Dkt. 24, pp. 47-48. In fact, she later pled her case with the New York State Department of Labor, *Id.* at 25, and, as such, declaratory relief could be available through an appeal in state court. *See Chisolm v. Kevins*, 23-cv-5169, 2024 WL 3328592, *6 (E.D.N.Y. July 8, 2024) (Plaintiff has not plausibly alleged that declaratory relief was unavailable to him through an appeal in state court, and therefore, injunctive relief was statutorily barred); *see also LeDuc v. Tilley*, No. 05-cv-157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2025) ("Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

**POINT VII: DEFENDANT ESTRELLA-CASTILLO IS ENTITLED TO QUALIFIED IMMUNITY**

"The doctrine of qualified immunity shields government employees acting in their official capacity from suits for damages under 42 U.S.C. § 1983, unless their conduct violated clearly

23

established rights of which an objectively reasonable official would have known." *People v. Leon*, 63 F. 4th 132, 142 (2d Cir. 2023). The Second Circuit has instructed that "[t]he issues on qualified immunity are: (1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (citing *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-134 (2d Cir. 2010)). While case law "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate.  In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (internal quotation marks and citations omitted). The precedent "must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018).

As set forth above, Plaintiff has not shown facts making out violations of any constitutional right. Assuming, *arguendo*, that Plaintiff plausibly alleges constitutional violations against Defendant Estrella-Castillo, it is unquestionably debatable whether Plaintiff's novel §1983 liability theories are tenable given the facts alleged. *See Tessler v. Paterson*, 768 F. Supp. 2d 661, 670 (S.D.N.Y. 2011).  To the extent the Court finds that the Fourteenth Amendment stretches far enough to cover Plaintiff's claims based on alleged deprivations that are thus far not sufficient to constitute a protected property interest, the lack of case law supporting Plaintiff's arguments, and the novelty of the factual allegations trigger application for qualified immunity. *See generally Clubside, Inc. v Valentin*, 468 F.3d 144, 161 (2d. Cir. 2006) (applying qualified immunity where it was not clearly

24

established that the Plaintiff has a property interest protected by the Fourteenth Amendment's substantive due process clause).

Finally, Defendant Estrella-Castillo is entitled to qualified immunity because a reasonable official in her capacity could have believed that her alleged conduct – that is, reassigning an ALJ and trusting that an ALJ was retiring – was lawful and reasonable under the circumstances. Dkt. 24, pp. 22-24. Moreover, Defendant Estrella-Castillo was not involved in the final NYSDHR final recommendation regarding Plaintiff's case. *Id.*

As such, Plaintiff's Sixth, Seventh, and Eighth Causes of Actions against Defendant Estrella-Castillo must be dismissed for failure to state a claim as she has qualified immunity in this case.

### POINT VIII: PLAINTIFF'S CLAIM THAT DEFENDANT ESTRELLA-CASTILLO IS LIABLE UNDER *MONELL* FAILS AS A MATTER OF LAW

As part of the Fifth and Seventh Causes of Action of the Second Amended Complaint, Plaintiff claims that "Defendant DHR"[7] is accountable for "Municipal Liability Under Monell" and mentions Defendant Estrella-Castillo therein. Dkt. 24, pp. 37, 46. More specifically, Plaintiff alleges that Defendant Estrella-Castillo, as the Chief ALJ, "possessed final, unreviewable policymaking authority over case assignments and the management of administrative hearings at DHR." *Id.* Further, that Defendant Estrella-Castillo issued a false statement regarding ALJ Erazo's retirement, and thus, "was the moving force behind the denial of her right to meaningful access to an impartial adjudicatory process." *Id.*

---

[7] As the Second Amended Complaint does not include the New York State Department of Human Rights, Plaintiff cannot assert a claim against them. When an amended complaint is the operative pleading, the court no longer considers the original complaint, and if a defendant in the original complaint is not named as defendant on the cover of the amended complaint, the court will treat that defendant as dropped from the suit.. *See FRCP Rule 15*.

"The elements of a Monell claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. New York City Department of Education*, 982 F.3d 86, 97 (2d Cir. 2020); *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). The plaintiff must demonstrate through its deliberate conduct that the municipality was the moving force behind the injury alleged. *Id.* at 98. Furthermore, a municipality may be liable for the acts of a single official, but only if that official can be said to represent official policy for the entire municipality and the authority to make final policy. *Id.*; *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988) (plurality opinion).

Assuming, *arguendo*, that the Court allows the claim to be asserted against the non-named Defendant NYSDHR, "'the holding in *Monell* was limited to local government units which are not considered part of the State for the Eleventh Amendment purposes,' and therefore does not apply to state agencies.'" *Weems v. New York*, No. 6:23-CV-6305 EAW, 2024 WL 4150397, *5 (W.D.N.Y. Sept. 10, 2024) (*citing Levine v. New York State Police*, No. 121-cv-1181, 2022 WL 1987845, at *17 [N.D.N.Y. June 6, 2022]); *see Estate of M.D. by DeCosmo v. New York*, 241 F.Supp.3d 413, (S.D.N.Y. 2017) (Finding that because *Monell* was limited to local government units which are not considered part of the State for Eleventh Amendment purposes, and New York State had not waived its Eleventh Amendment immunity, "Plaintiffs' claim against the State Defendants [were] dismissed."). "Similarly, *Monell* liability does not attach to an individual state official sued in his or her individual capacity," *Id.*,

Accordingly, a *Monell* claim cannot be asserted against Defendant Estrella-Castillo. *See Gregory Smith v. City of New Rochelle, et. al.*, No. 24-cv-9899, 2026 WL 776028, *4 (S.D.N.Y. March 19, 2026) ("Sustaining a cause of action against the officers in their official capacities also

26

requires a finding of *Monell* liability" against the municipality). Thus, Plaintiff's Fifth and Seventh

Causes of Action Against Defendant Estrella-Castillo must be dismissed for failure to state a claim.

## CONCLUSION

For the reasons stated above, the Second Amended Complaint should be dismissed in its

entirety as to Defendant Estrella-Castillo with such other and further relief as the Court deems

just and proper.

Dated: Albany, New York

April 30, 2026

                                        **CONWAY, DONOVAN & MANLEY, PLLC**


                                        *s/ Lauren N. Mordacq*

                                        Lauren N. Mordacq, Esq.
                                        Ryan T. Donovan, Esq.
                                        *Attorneys for Defendant Estrella-Castillo*
                                        50 State Street, 2nd Floor
                                        Albany, New York, 12207
                                        (518) 436-1661
                                        RDonovan@lawcdm.com
                                        LMordacq@lawcdm.com


To:    All Attorneys of Record and *Pro Se* Plaintiff via ECF

27

**ATTORNEY CERTIFICATION OF WORD COUNT**

The undersigned attorney certifies that, in accordance with Local Civil Rule 7.1(b) of the United States District Courts for the Southern and Eastern Districts of New York, the accompanying Memorandum of Law filed on behalf of Defendant Estrella-Castillo which was prepared using Times New Roman 12-point typeface, contains **6,823** words. This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

Dated:  April 30, 2026

By:    *Lauren N. Mordacq*
        Lauren N. Mordacq, Esq.
        *Attorneys for Defendant*
        50 State Street, 2nd Floor
        Albany, New York 12207
        518-436-1661
        LMordacq@lawcdm.com

28