**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DOROTHEA PERRY,

                         Plaintiff, *pro se*,

   - against –

NEW YORK STATE ATHLETIC COMMISSION;
NEW YORK STATE DEPARTMENT OF STATE;
JAMES LEARY, in his personal capacity;
KIMBERLY SUMBLER, in her personal capacity;
ANTHONY GIARDINA, in his personal capacity;
LINDA BALDWIN, in her personal capacity; and
LILLIAN ESTRELLA-CASTILLO, in her personal
capacity, and JOHN/JANE DOES 1-10,

                         Defendants.

**ATTORNEY**
**AFFIRMATION**

Docket No.
1:25-cv-00938
(JPC/HJR)

---

**LISA F. JOSLIN**, an attorney duly admitted to the practice of law in the State of New York, affirms as follows under the penalty of perjury:

1.     I am an attorney admitted to practice law in this Court and a principal with the law firm of Gleason, Dunn, Walsh & O'Shea, attorneys for Defendants New York State Athletic Commission ("NYSAC"), New York State Department of State ("NYSDOS"), James Leary ("Leary"), Kimberly Sumbler ("Sumbler"), Anthony Giardina ("Giardina"), and Linda Baldwin ("Baldwin") (hereinafter collectively referred to as the "Moving Defendants").

2.     I make this Affirmation in support of the instant motion of the Moving Defendants to dismiss Plaintiff Dorothea Perry's claims against them in their entirety.

3.     Plaintiff filed her initial complaint in the instant matter on January 31, 2025 and amended her complaint twice thereafter. Plaintiff's First Amended Complaint was filed on October 7, 2025; and her Second Amended Complaint (hereinafter referred to as the "Complaint") was

filed on November 14, 2025 (see Dkt. 24).  A copy of the Complaint is attached hereto as **Exhibit A.**

4.     The Moving Defendants have only been served with the Second Amended Complaint.

5.     Plaintiff has previously filed multiple actions against the Moving Defendants, as well as other parties, with respect to her employment and separation from employment with NYSAC.

6.     In May 2018, Plaintiff filed a complaint against NYSAC with the New York State Division of Human Rights ("DHR"), alleging discrimination on the basis of age, race and gender, retaliation, and hostile work environment sexual harassment (see **Exhibit B** hereto). The DHR issued Plaintiff a probable cause finding, the parties engaged in a protracted hearing on her claims over the course of eleven (11) days (Complaint, ¶¶107-110; see **Exhibit C** hereto, at p.2 of Recommended Findings of Fact, Opinion and Decision, and Order). Plaintiff concedes that she was represented by a "committed" and "experienced civil rights attorney" throughout her DHR proceeding (Complaint, ¶250).

7.     After the DHR hearing concluded, Administrative Law Judge Sharon A. Sorkin issued her Recommended Findings of Fact, Opinion and Decision, and Order dismissing Plaintiff's complaint on June 13, 2024 (Complaint, ¶115; see also Exhibit C hereto). On November 7, 2024, the DHR issued a Notice and Final Order adopting ALJ Sorkin's Recommended Order as the Final Order (see Exhibit C). As provided in the Final Order, Plaintiff had sixty (60) days to appeal the Final order by filing a Petition and Notice of Petition with the applicable Supreme Court (id.). Plaintiff did not file a Petition appealing the Final Order (Complaint, ¶¶248-251).

8.      On or about June 20, 2018, Plaintiff filed a complaint against NYSAC with the New York State Department of Labor Public Employee Safety & Health Bureau (hereinafter "NYSDOL Complaint") (Complaint, ¶120). A copy of Plaintiff's NYSDOL Complaint is attached hereto as **Exhibit D**. The NYSDOL issued a determination in Plaintiff's favor; and on April 21, 2022, NYSAC submitted an appeal to the State's Industrial Board of Appeals ("IBA") (see NYSAC's appeal, attached hereto as **Exhibit E**). On May 9, 2022, NYSAC and NYSDOL implemented and executed a tolling agreement, under which the NYSDOL agreed to re-open the investigation of Plaintiff's complaint and NYSAC agreed to withdraw its IBA appeal. As a result of this tolling agreement, NYSAC withdrew its appeal on May 10, 2022.

9.      On August 11, 2022, NYSDOL Deputy Counsel, Bridget Holohan Scally issued a Determination that NYSAC violated New York Labor Law §27-a(10)(a) when it terminated Plaintiff's employment after she filed a workplace violence incident report (Complaint, ¶127; **Exhibit F** hereto). On October 6, 2022, NYSAC submitted a Petition for Review of Holohan Scally's Determination with the IBA (see **Exhibit G** hereto). A hearing on Plaintiff's NYSDOL Complaint was conducted during the period December 19 through 22, 2023, before IBA Hearing Officer Benjamin Shaw. Plaintiff was represented by an exceedingly competent attorney, Peter Parry, during the NYSDOL hearing. The parties are awaiting a decision from the IBA.

10.      On March 4, 2021, Plaintiff filed a complaint against Defendants NYSAC, NYSDOS, Sumbler and Giardina in the United States District Court for the Southern District of New York ("2021 Federal Suit"); and then amended that complaint on March 8, 2021. A copy of Plaintiff's amended complaint in the SDNY Suit is attached hereto as **Exhibit H**. Plaintiff voluntarily dismissed the 2021 Federal Suit, without prejudice, on February 17, 2022 (see Notice of Voluntary Dismissal, attached hereto as **Exhibit I**).

11.     On March 24, 2022, Plaintiff filed a Verified Complaint in the New York State Supreme Court, County of New York, against Defendants NYSAC, NYSDOS, Sumbler, Giardina, Leary and Baldwin, as well as another NYSDOS employee, Maria Herman ("NYS Lawsuit") (see **Exhibit J** hereto). On June 27, 2022, Plaintiff filed a Verified First Amended Complaint in the NYS Lawsuit, adding as defendants Secretary of State Robert J. Rodriguez, the NYSDOL, NYSDOL Commissioner Roberta Reardon, and NYSDOL employees Bridget Holohan Scally and Jill Archambault (see **Exhibit K** hereto).  In the NYS Lawsuit, Plaintiff brought claims against the Moving Defendants pursuant to the New York Human Rights Law, Executive Law §290 et seq.; under the New York Civil Service Law §75 et seq.; for deprivation of due process and abuse of process under 42 U.S.C. §1983; pursuant to the Fourteenth Amendment to the United States Constitution for hostile work environment, gender and race discrimination; and under common law for abuse of process, "stigma plus violation of due process," and civil conspiracy (see Ex. K hereto).

12.     Defendants moved to dismiss Plaintiff's NYS Lawsuit; and on November 23, 2022, Judge Richard Latin, J.S.C., dismissed Plaintiff's claims in their entirety (see Judge Latin's Decision and Order, attached hereto as **Exhibit L**). Specific to Defendants Sumbler, Giardina, Leary and Baldwin, the Court found that they had acted in their official capacities with respect to the circumstances underlying Plaintiff's claims (id.). Thus, Judge Latin ruled that the claims against them (as well as NYSAC and NYSDOS) should have been brought in the Court of Claims (id.) The Court further ruled that "plaintiff's claims are time barred and fail to state a cause of action pursuant to CPLR 3211(a)(7)" (id., fn.1). Plaintiff did not appeal the dismissal of the NYS Lawsuit.

13. In the instant action, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., among other claims. However, Plaintiff failed to include a reference to her jurisdictional prerequisite to such a claim, that is, her Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), and the EEOC's Determination of Charge and Notice of Right to Sue with respect to her Charge ("Notice of Right to Sue"). Upon information and belief, the EEOC issued Plaintiff a Notice of Right to Sue on or about November 19, 2025 (a copy of which is attached hereto as **Exhibit M**). Defendant NYSDOS received a copy of this Notice of Right to Sue on or about November 24, 2025.

14. I affirm under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

DATED:  April 29, 2026

**LISA F. JOSLIN, ESQ.**

5