# <u>EXHIBIT B</u>



**Division of Human Rights**

ANDREW M. CUOMO
Governor

HELEN DIANE FOSTER
Commissioner

July 11, 2018

Re:   Dorthea Perry v. New York State Athletic Commission, New York State, Department of
      State
Case No.      10195419

To the Parties Listed Below:

        PLEASE BE ADVISED that the above-listed complaint has been amended.  A copy of
the amendment is enclosed herewith.

                                        Very truly yours,

                                        Joyce Yearwood-Drury
                                        Director O.S.H.I.

TO:
Complainant
Dorthea Perry
74 Tapscott Street Apt. 1
Brooklyn, NY 11212

Respondent
New York State Athletic Commission
123 William Street, 20th Floor
New York, NY 10038

Respondent
New York State, Department of State
Attn: Linda Baldwin
Office of Counsel, One Commerce Plaza
99 Washington Ave.
Albany, NY 12231

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>DORTHEA PERRY,<br>                       Complainant,<br>        v.<br><br>NEW YORK STATE ATHLETIC COMMISSION,<br>                       Respondent. | AMENDMENT TO THE COMPLAINT<br><br>Case No. 10195419 |

Federal Charge No. 16GB803837

      Pursuant to the provisions of § 297.4a of the Human Rights Law (Executive Law, Article 15) of the State of New York, and the New York State Division of Human Rights, Rules of Practice § 465.4, the complaint in the aforesaid proceeding is amended as follows:

      The respondent name shall be amended as follows: New York State Athletic Commission; New York State, Department of State

Dated: 7/11/2018 2:43:57 PM
      Brooklyn, New York

                                STATE DIVISION OF HUMAN RIGHTS

By: _____
                Joyce Yearwood-Drury
                Director O.S.H.I.



| ANDREW M. CUOMO | HELEN DIANE FOSTER |
| --- | --- |
| Governor | Commissioner |

July 11, 2018

New York State, Department of State
Office of Counsel, One Commerce Plaza
99 Washington Ave.
Albany, NY 12231

      Re:     Dorthea Perry v. New York State Athletic Commission
               Case No. 10195419

      Enclosed is a copy of a verified complaint filed with the Division of Human Rights, and an amendment thereto, in which you have been added as a respondent. This complaint, which alleges an unlawful discriminatory practice in violation of the New York State Human Rights Law, is being served upon you pursuant to Section 297.2 of the Human Rights Law (N.Y. Exec. Law, art. 15).

      You are being afforded an opportunity to respond to this complaint. If you wish to do so, please submit your response in writing by **July 26, 2018** at the address below.

      The Human Rights Law prohibits retaliation against any person because he or she has opposed discriminatory practices, filed a discrimination complaint, or participated in any proceeding before the Division. Human Rights Law § 296.7.

      Anyone who willfully resists, prevents, impedes or interferes with the Division's investigation shall be guilty of a misdemeanor punishable by imprisonment, by fine, or by both. Human Rights Law § 299.

      As the enclosed information sheet provides, the Division will conduct a prompt investigation, based on the complaint and your response, which may include interviews with your representatives and the collection of documents. The Division expects your full cooperation in this investigation. After the investigation is completed, the Division will make a determination as to whether there is probable cause to believe that unlawful discrimination has occurred. You will be notified of this determination.

      **Protection of personal privacy:** In most cases, you will be expected to submit documents in support of your response to the complaint. The Division observes a personal privacy protection policy consistent with Human Rights Law § 297.8 which governs what information the Division may disclose, and the N.Y. Public Officer's Law § 89 and § 96-a, which

prohibit disclosure of social security numbers and limit further disclosure of certain information subject to personal privacy protection. Please redact or remove personal information from any documentation submitted to the Division, unless and until the Division specifically requests any personal information needed for the investigation. The following information should be redacted: the first five digits of social security numbers; dates of birth; home addresses and home telephone numbers; any other information of a personal nature. The following documentation should not be submitted unless specifically requested by the Division: medical records; credit histories; resumes and employment histories. The Division may return your documents if they contain personal information that was not specifically requested by the Division. If you believe that inclusion of any such personal information is necessary to your response, please contact me to discuss before submitting such information.

If you have any questions about the process generally, or how to submit your response, please call me at (718) 722-2060.

Very truly yours,

Joyce Yearwood-Drury
Director O.S.H.I.

cc:

New York State, Department of State
Attn: Linda Baldwin
Office of Counsel, One Commerce Plaza
99 Washington Ave.
Albany, NY 12231

Enclosures:
Amendment to the Complaint
Verified Complaint (original complaint)
Prior amendments (if any)
Information for Respondents



**ANDREW M. CUOMO**
Governor

**HELEN DIANE FOSTER**
Commissioner

## INFORMATION FOR RESPONDENTS
### CONCERNING COMPLAINT PROCEDURES OF
### NEW YORK STATE DIVISION OF HUMAN RIGHTS

The New York State Division of Human Rights is a State agency mandated to receive, investigate and resolve complaints of discrimination under N.Y. Executive Law, Article 15 (Human Rights Law).  The Division's role is to fairly and thoroughly investigate the allegations in light of all evidence gathered.

**WHAT TYPES OF COMPLAINTS ARE HANDLED BY THE DIVISION OF HUMAN RIGHTS?**

The Human Rights Law forbids discrimination in employment, apprenticeship and training, purchase and rental of housing and commercial space, places of public accommodation, certain educational institutions, and credit transactions. If a person feels that he or she has been discriminated against by of reason of race, color, creed, sex, age (not public accommodation), disability, national origin, marital status, familial status (housing only), conviction or arrest record (employment only), genetic predisposition (employment only), military status, or sexual orientation, or because he or she has opposed any practices forbidden under the Human Rights Law, that person may file a complaint with the State Division of Human Rights.

**HOW DOES A PERSON FILE A COMPLAINT?**

Persons wishing to file a complaint of discrimination may contact the nearest regional office of the Division of Human Rights.  The Human Rights Law requires that they must file such a complaint within one year of the alleged unlawful discriminatory act.

**WHAT IS THE INVESTIGATIVE PROCEDURE?**

The Division represents neither the Complainant nor the Respondent.  The Division pursues the State's interest in the proper resolution of the matter in accordance with the Human Rights Law. Complainant and Respondent can retain private counsel to represent them during the investigation, but such representation is not required.

Upon receipt of a complaint, the regional office will:

- Notify the Respondent(s).  (A Respondent is a person or entity about whose action the Complainant complains.  An employer must have four or more employees, with certain exceptions, for the Human Rights Law to apply.)
- Resolve issues of questionable jurisdiction.

INFORMATION FOR RESPONDENTS
CONCERNING COMPLAINT PROCEDURES OF THE NYS DIVISION OF HUMAN RIGHTS
Page 2

- Forward a copy of the complaint to the U.S. Equal Employment Opportunity Commission (EEOC) or the U.S. Department of Housing and Urban Development (HUD), where applicable. Such federal filing creates a complaint separate and apart from the complaint filed with the Division, although in most cases only one investigation is conducted pursuant to work-sharing agreements with these federal agencies.

- Investigate the complaint through appropriate methods (written inquiry, field investigation, witness interviews, requests for documents, investigatory conference, etc.), in the discretion of the Regional Director. The investigation of the complaint is to be objective.

- Allow the parties to settle the matter by reaching agreement on terms acceptable to the Complainant, Respondent and the Division. The Division will allow settlement from the time of filing until the matter reaches a final resolution.

- Determine whether or not there is probable cause to believe that an act of discrimination has occurred, if the matter cannot be settled prior to that Determination. The Division will notify the Complainant and Respondent in writing of the Determination.

You, or your attorney, may review the Division's file in this matter, and may copy by hand any material in the file, or obtain photocopies at a nominal charge. The Complainant in this matter has the same right to review the file.

## WHAT IS THE  DIVISION'S POLICY ON ADJOURNMENTS AND EXTENSIONS?

It is the Division's policy to investigate all cases promptly and expeditiously. Therefore, you are expected to cooperate with the investigation fully and promptly. No deadlines will be extended at any time during the investigation, unless good cause is shown in a written application submitted at least five (5) calendar days prior to the original deadline. Failure to comply could result in an adverse finding against you, which would be shared with, among others, the Secretary of State and the applicable State licensing agencies that govern your business.

## WHAT IS THE PROCEDURE FOLLOWING THE INVESTIGATION?

If there is a Determination of no probable cause, lack of jurisdiction, or any other type of dismissal of the case, the Complainant may appeal to the State Supreme Court within 60 days.

If the Determination is one of probable cause, there is no appeal to court. The case then proceeds to public hearing before an Administrative Law Judge.  Under Rule 465.20 (9 N.Y.C.R.R. § 465.20), the Respondent may ask the Commissioner of Human Rights within 60 days of the finding of probable cause to review the finding of probable cause.  Such application should be sent to the General Counsel of the Division and to the Complainant, and Complainant's attorney, if any.

## WHAT IS A PUBLIC HEARING?

A public hearing, pursuant to the Human Rights Law, is a trial-like proceeding at which relevant evidence is placed in the hearing record.  It is a hearing de novo, which means that the Commissioner's final decision on the case is based solely on the content of the hearing record.  The public hearing is presided over by an Administrative Law Judge, and a verbatim transcript is made of the proceedings.

The hearing may last one or more days, not always consecutive.  Parties are notified of all hearing sessions in advance, and the case may be adjourned to a later date only for good cause.

INFORMATION FOR RESPONDENTS
CONCERNING COMPLAINT PROCEDURES OF THE NYS DIVISION OF HUMAN RIGHTS
Page 3

Respondent can retain private counsel for the hearing, and, if Respondent is a corporation, is required to be represented by legal counsel. The Complainant can retain private counsel for the hearing, but is not required to do so. If Complainant is not represented by private counsel, the Division's counsel prosecutes the case in support of the complaint. Attorneys for the parties or for the Division may issue subpoenas for documents and to compel the presence of witnesses.

At the conclusion of the hearing sessions, a proposed Order is prepared by the Administrative Law Judge and is sent to the parties for comment.

A final Order is issued by the Commissioner. The Commissioner either dismisses the complaint or finds discrimination. If discrimination is found, Respondent will be ordered to cease and desist and take appropriate action, such as reinstatement, training of staff, or provision of reasonable accommodation of disability. The Division may award money damages to Complainant, including back pay and compensatory damages for mental pain and suffering, and in the case of housing discrimination, punitive damages, attorney's fees and civil fines and penalties. A Commissioner's Order may be appealed by either party to the State Supreme Court within 60 days. Orders after hearing are transferred by the lower court to the Appellate Division for review.

## WHAT IS A COMPLIANCE INVESTIGATION?

The compliance investigation unit verifies whether the Respondent has complied with the provisions of the Commissioner's Order. If the Respondent has not complied, enforcement proceedings in court may be brought by the Division.

## NOTICE PURSUANT TO PERSONAL PRIVACY PROTECTION LAW

Pursuant to the Human Rights Law, the Division collects certain personal information from individuals filing complaints and from those against whom a complaint has been filed. The information is necessary to conduct a proper investigation; failure to provide such information could impair the Division's ability to properly investigate the matter. This information is maintained in a computerized Case Management System maintained by the Division's Director of Information Technology, who is located at One Fordham Plaza, Bronx, New York, (718) 741-8365.

## PENAL PROVISION OF THE HUMAN RIGHTS LAW

The Human Rights Law contains the following penal provision:

Any person, employer, labor organization or employment agency, who or which shall willfully resist, prevent, impede or interfere with the division or any of its employees or representatives in the performance of duty under this article, or shall willfully violate an order of the division or commissioner, shall be guilty of a misdemeanor and be punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both; but procedure for the review of the order shall not be deemed to be such willful conduct. Human Rights Law § 299.

## GENERAL INFORMATION

For a more detailed explanation of the process, see the Division's Rules of Practice (9 N.Y.C.R.R. § 465) available on our website www.dhr.ny.gov. If you have any additional questions about the process, the investigator assigned to the case will be available to answer most questions.

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

DORTHEA PERRY,

Complainant,

v.

NEW YORK STATE ATHLETIC COMMISSION,

Respondent.

VERIFIED COMPLAINT
Pursuant to Executive Law,
Article 15

Case No.
**10195419**

Federal Charge No. 16GB803837

I, Dorthea Perry, residing at 74 Tapscott Street Apt. 1, Brooklyn, NY, 11212, charge the above named respondent, whose address is 123 William Street, 20th Floor, New York, NY, 10038 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of age, race/color, sex, opposed discrimination/retaliation.

Date most recent or continuing discrimination took place is 4/25/2018.

The allegations are:

See attached complaint

# New York State Division of Human Rights
## Complaint Form

RECEIVED

MAY 07 2018

O.S.L.I

### CONTACT INFORMATION

**My contact information:**

Name: Dorothea Perry

Address: 74 Tapscott St    Apt or Floor #: 1

City: Brooklyn    State: N.Y    Zip: 11212

### REGULATED AREAS

**I believe I was discriminated against in the area of:**

☑ Employment    ☐ Education    ☐ Volunteer firefighting

☐ Apprentice Training    ☐ Boycotting/Blacklisting    ☐ Credit

☐ Public Accommodations
*(Restaurants, stores, hotels, movie
theaters amusement parks, etc.)*

☐ Housing

☐ Commercial Space

☐ Labor Union, Employment
Agencies

☐ Internship

**I am filing a complaint against:**

Company or Other Name: New York State Athletic Commission

Address: 123 William Street

City: New York    State: N.Y    Zip: 10038

Telephone Number: 212 417 5700
(area code)

Individual people who discriminated against me:

Name: Kim Sumbler    Name: Debra Meade

Title: Executive Director    Title: Human Resources Director

### DATE OF DISCRIMINATION

**The most recent act of discrimination happened on:**    4 / 25 / 2018
month   day   year

3

# DOMESTIC WORKERS

 *Please answer the questions on this page **only if you are a domestic worker**. If you are not a domestic worker, please skip this page and turn to the next page.*

**The Human Rights Law protects you if you are being sexually harassed or harassed because of your gender, race, national origin, or religion AND you are employed in the home or residence of another person for the purposes of housekeeping, childcare, companionship, or any other domestic service purpose**

**Do you live in your employer's home?**    ☐ Yes      ☐ No

> *If yes, please be sure to fill out the information on __Page 11__ and provide the name of another person who does not live with you but will know how to contact you if the Division needs to reach you.*

## What did the person you are complaining against do?
### *Please check all that apply.*

☐ Harassed me because of my race or color      ☐ Harassed me because of my national origin

☐ Harassed me because of my religion          ☐ Harassed me because of my gender/sex

☐ Sexually harassed me

## Other protections for Domestic Workers:

As a domestic Worker, you are also entitled to certain protections in the following areas:

- **Minimum Wage** (the lowest hourly wage under the law)
- **Day of Rest** (the amount of time off that you should have each week)
- **Paid Vacation** (the amount of time off that you should have each year)
- **Overtime Pay** (extra money that you receive for working extra hours)
- **Disability Benefits** (payments if you can't work because of illness or injuries)

If you have questions about these topics, please contact:

**New York State Department of Labor**
(518) 457-9000
(888) 4-NYSDOL / (888-469-7365)
TTY/TDD (800) 662-1220
www.labor.ny.gov

 When you have finished answering these questions, please turn to Page 8.

4

## BASIS OF DISCRIMINATION

*Please tell us why you were discriminated against by checking one or more of the boxes below.*

 You do not need to provide information for every type of discrimination on this list. Before you check a box, make sure you are checking it only if you believe it was a reason for the discrimination. Please look at the list on Page 1 for an explanation of each type of discrimination.

**Please note**: Some types of discrimination on this list do not apply to all of the regulated areas listed on Page 3. (For example, Conviction Record applies only to Employment and Credit complaints, and Domestic Violence Victim Status is a basis only in Employment complaints). These exceptions are listed next to the types of discrimination below.

### I believe I was discriminated against because of my:

| | |
|---|---|
| ☑ **Age** *(Does not apply to Public Accommodations)*<br>Date of Birth: 1/27/67 | ☐ **Genetic Predisposition** *(Employment only)*<br>Please specify: |
| ☐ **Arrest Record** *(Only for Employment, Licensing, and Credit)*<br>Please specify: | ☐ **Marital Status**<br>Please specify: |
| ☐ **Conviction Record** *(Employment and Credit only)*<br>Please specify: | ☐ **Military Status:**<br>Please specify: |
| ☐ **Creed / Religion**<br>Please specify: | ☐ **National Origin**<br>Please specify: |
| ☐ **Disability**<br>Please specify: | ☑ **Race/Color or Ethnicity**<br>Please specify: Black American ☑<br>Dark Complexion<br>Hair Type. |
| ☐ **Pregnancy-Related Condition:**<br>Please specify: | ☐ **Sex**<br>Please specify: ☑ Female  ☐ Male<br>☐ **Pregnancy**<br>☑ **Sexual Harassment** |
| ☐ **Domestic Violence Victim Status:**<br>*(Employment only)*<br>Please specify: | ☐ **Sexual Orientation**<br>Please specify: |
| ☐ **Familial Status** *(Does not apply to Public Accommodations or Education)*<br>Please specify: | ☑ **Retaliation** *(if you filed a discrimination case before, or helped someone else with a discrimination case, or reported discrimination due to race, sex, or any other category listed above)*<br>Please specify: Retaliation for filing Previous Complaints to Adversity Officer, IG, and also NYSD |

 Before you turn to the next page, please check this list to make sure that you provided information **only** for the type of discrimination that relates to your complaint.

# EMPLOYMENT OR INTERNSHIP DISCRIMINATION

*Please answer the questions on this page only if you were discriminated against in the area of employment or internship. If not, turn to the next page.*

## How many employees does this company have?

a) 1-3          b) 4-14          c) 15 or more          (d) 20 or more          e) Don't know

## Are you currently working for the company?

☐ Yes

Date of hire: (_____ _____ _____)    What is your job title? _____

                  Month      day      year

☑ No

Last day of work: ( 04    25    2018 )    What was your job title? Boxing/MMA/ wrestling Inspector.

                Month      day      year

☐ I was not hired by the company

Date of application: (_____ _____ _____)

                     Month      day      year

## ACTS OF DISCRIMINATION

**What did the person/company you are complaining against do? Please check all that apply.**

☐ Refused to hire me

☑ Fired me / laid me off

☐ Did not call me back after a lay-off

☐ Demoted me

☐ Suspended me

☑ Sexually harassed me

☑ Harassed or intimidated me (other than sexual harassment)

☐ Denied me training

☑ Denied me a promotion or pay raise

☐ Denied me leave time or other benefits

☐ Paid me a lower salary than other workers in my same title

☐ Gave me different or worse job duties than other workers in my same title

☐ Denied me an accommodation for my disability

☐ Denied me an accommodation for my religious practices

☐ Gave me a disciplinary notice or negative performance evaluation

☐ Other: _____

6

# HOUSING DISCRIMINATION

*Please answer the questions on this page only if you were discriminated against in the area of housing. If not, turn to the next page.*

## Who discriminated against you?

☐ Builder                 ☐ Bank or other lender          ☐ Manager / Superintendent

☐ Owner / Landlord        ☐ Salesperson                   ☐ Other: _____

☐ Co-op Board             ☐ Condo Association

## What kind of property was involved?

☐ Single-family house        ☐ Mobile home         ☐ Building with 2-4 apartments

☐ Two-family house           ☐ Commercial Space    ☐ Building with 5 or more apartments

☐ Other: _____

## Does the owner live on the property?    ☐ Yes   ☐ No

## Was this property being sold or being rented?

☐ Being sold   ☐ Being rented

## Address of property:

Address: _____    Apt or Floor #: _____

City: _____    State: _____    Zip: _____

## Are you currently living there?

☐ Yes        ☐ No

## *ACTS OF DISCRIMINATION*

## What did the person you are complaining against do? Please check all that apply.

☐ Refused to rent or sell to me

☐ Evicted me / threatened to evict me

☐ Denied me access for my disability

☐ Denied me equal terms, privileges, or facilities that other tenants were given

☐ Discriminated against me in lending or financing

☐ Advertised in a discriminatory way

☐ Harassed me based on my sex, national origin, race, disability, etc.

☐ Other: _____

7

**DESCRIPTION OF DISCRIMINATION** - for <u>all</u> complaints *(Public Accommodation, Employment, Education, Housing, and all other regulated areas listed on Page 3)*

Please tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory. **PLEASE TYPE OR PRINT CLEARLY.**

*See attached*

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form.* **PLEASE DO NOT WRITE ON THE BACK OF THIS FORM.**

8

My name is Dorothea Perry; I am a 51-year-old black female. I worked for the New York State Athletic Commission as a Boxing and Wrestling Inspector until my termination on April 25, 2018. No reason has been given to me. I was appointed to the position in January 2004 and received authorization to purchase my gold NYSAC Inspector's shield which I still possess. My position was classified as a public officer at that time, albeit per-diem.

I am alleging that I have been discriminated on the basis of **gender, race, ethnicity, and color.** I have also been **retaliated** against for filing discrimination complaints and also for filing a workplace violence complaint in violation of 12 NYCRR Part 800.6, which I understand is a matter this State agency does not handle but rather an issue for PESH. I also allege that this Commission has gone to great lengths to destroy my future in boxing regulation and administration.

As a matter of history I've endured 14 years of a hostile work environment at the New York State Athletic Commission, I have been held back, denied promotional opportunities which I was qualified for, had men promoted over me with less experience than I, been ridiculed, bullied, called names by superiors e.g. snitch and liar. Belittled in meetings and told to "shut up" when I attempted to speak. I've had my **#metoo** moment which I reported, and even had NYSAC attempt to tortiously interfere with my employment contracts with other State Commissions through acts of intimidation (see attachments).

**Discrimination related to the Deputy Commissioner's Position**

**June 2016**

I submitted my application for the Deputy Commissioner's position

**July 2016**

I began interviewing for the Deputy Commissioner's position

I Interviewed with – Eric Bentley, Thomas Hoover, Kim Sumbler, Deputy Secretary of State Charles Fields, former Deputy Secretary of State Tony Giardina now acting as the Chairman of the Athletic Commission (who I had reported previous acts of discrimination to when he was the Deputy Secretary of State)

**January 2017**

On or about the first week of January 2017 I received a call from the acting Executive Director, Tony Giardina to reprimand me on my performance, as an Inspector, at the December 31st MMA event (one of the first or second events we supervised in New York State) which was held at Madison Square Garden. According to Mr. Giardina "I allowed the blue door to be locked and had to leave through the red door. I was assigned to the blue corner but the promoter's staff were the gatekeepers. I advised Mr. Giardina that I was not in control of the cage door and was surprised the operator closed the door, thereby locking me in the cage.

After I exited the red door and went to my assigned corner, I advised the gatekeeper of her error and further instructed her not to lock the inspectors in the cage.

**January 2017** Mario Mercado appointed as Deputy Commissioner by Tony Giardina– Mercado was formerly a full time employee for the State that was on the brink of termination from his employment for mismanaging an employee credit card. He was allowed to resign in lieu of termination.  Nonetheless, he was hired over me

Jacobs' recovery from cancer was at least five or six years old and already well documented, even if he didn't know the story. I also advised him that my part in saving the young man's life had absolutely nothing to do with the Commission. I acted as a private citizen and for that reason, I'd be interviewed as a private citizen. Mr. Leary suggested that I be mindful not to answer any questions about boxing or the State. After careful consideration, I relented and took them up on the suggestion to be accompanied by a State representative who would not be on camera. Laz Benitez declined to attend after that. Ms. Mercedes Padilla attended in his place. The interview went well. Please see

March 2017 –

Anthony Careccia, Paul O'Brien, Ed Kunkle, Thomas Aceto, Ernest Morales, Frank Vazquez are all appointed as Deputy Commissioners

On or about March 9th, 2017 I was contacted by Eric Bentley to request a meeting with Tony about my March 18th assignment. Eric Bentley stated, "Tony wants to go over the 3/18 assignment, in particular, what your role will be." And I responded by asking "Is the Commission contemplating expanding my role beyond that of Inspector? I look forward to learning of these potential additional responsibilities and roles, and the increases in pay associated therewith"

On or about March 13, 2017, I had a conference call with NYSAC representatives to discuss the role I would play in a boxing card scheduled Saturday, March 18th at Madison Square Garden: Golovkin vs.Jacobs, a middleweight unification bout. Daniel Jacobs is my "unofficial" god-son, who I assisted in surviving a battle with a cancerous tumor that had partially paralyzed him. The story of his illness, his recovery and eventual return to boxing has been well documented in the media. Tony reminded me of the limitations that would be imposed on me as a NYSAC inspector on the date of the fight card, e.g. work the earlier bouts and leave the venue, or if I stay I must sit in the back of the house and watch it on TV. I was told not to sit ringside. Additionally, I was told that I should not have any contact with Jacobs or his opponent and not be in the room with their urine. Although this is not the first bout that I have been assigned to that Danny Jacobs has fought on. I've always maintained an unwavering adherence to the highest ethical standards, in the past, and I advised Tony that I would continue to do so in the future. I offered into evidence previous conversations that I had with David Berlin on the matter, and the issue was resolved, or at least I thought. I was insulted to be told that I should work and leave the venue, but I was hurt to be told that I would have to sit in the back out of sight.

Tony then went on to speak about the *promotional opportunity* that I had applied for as Deputy Commissioner. He was the first to mention it. **He advised me that I had "not been considered for the appointment because of some recent events that leave questions about my attentiveness and job performance".** I advised him that I knew I was passed over for men with less experience. I stated, in no uncertain terms, that the Athletic Commission was engaging in discriminatory practices. I suggested that Frank Vasquez was one of the Inspectors that had been promoted and he started at the same time I did, in 2004. **Frank Vasquez verbally attacked me at a training session (Inspector's Training 2015) in front of 30 witnesses, most of whom were male inspectors, a couple who were male referees but more importantly, the fact that administrative staff were present when it happened, the very same people that would have weighed in on his appointment to the position of Deputy Commissioner was disturbing. In 2015, I also reported to those same admins involved in determining Frank Vasquez' fitness to be a Deputy Commissioner that he had verbally attacked me again, at the Barclays Center, in front of male inspectors**

April 2017

**April 4, 2017 - (Americas Equal Pay Day)** - Internal Complaint filed with Ms. Maria Herman

When I spoke to **Maria Herman on April 2nd**, it was then that I learned of the additional reasons for my not being promoted to Deputy Commissioner: She **informed me that George Ward and Eric Bentley stated that I difficult to manage**. She also **stated there were concerns about my leadership qualifications**. I assume she offered that from her interviews with others or a review of their notes.

I specifically recall addressing several matters with her via email, particularly concerning my lack of focus and attention. "I am still laughing at Mr. Giardina's claims of my lack of focus and attention. Throughout my years in school, I was always in gifted classes, in the National Honor Society, and persevered to complete college without any help from my parents. For over 12 years I worked three jobs, simultaneously, to support my son because I was a single parent. I also single-handedly put my son through college and saw to it that he obtained his Bachelor's degree. Mr. Giardina needs to be reminded that because I am a black woman that does not mean that my attention span is inferior to males or whites and that I am not intellectually inferior to anyone on his staff."

**April 22ⁿᵈ, 2017** - Spoke with Maria Herman, noted her tone and a particular comment made about me "the problem with you" which was made because I repeated a statement she made to me.

May 2017

I answered many of the questions that Ms. Herman presented to me and advised her that I would very much like to proceed with my complaint and was assured that she would conduct an "unbiased and thorough investigation". I did advise her that I was wary of her being the proper person to conduct the investigation because of some of the comments that she had made to me on April 22ⁿᵈ and I expressed concern that the investigation might not be completed with integrity and impartiality, either in this case or in previous cases.

June 2017

**June 7, 2017** Maria Herman requested to meet with me, along with someone from the State's Counsel's office "to make sure they had good notes". I declined to meet with them alone without my own attorney because I was concerned about her impartiality.

**Regarding the** telephone conversation in which Ms. Herman advised me that George Ward and Eric Bentley stated that I was "hard to manage". I wanted her to confirm the conversation in writing. The most I got out of her was the following (see June 13) but I knew better based on the text conversation I had with Eric Bentley. Maria Herman had manipulated Eric Bentley testimony and also the testimony of George Ward (this matter I reported to the Inspector General in April 2018)

June 13, 2017

"I am sorry if you felt hurt by what you interpreted from my statement. Mostly, I was trying to convey to you that I have heard good things about your work, except on how you take criticism from supervisors/managers, which represents a challenge sometimes.

Even if you are evaluating the strength of your discrimination complaint, and considering to drop the sexual harassment complaint, I have already conducted an investigation, based on the statements you included in your complaint and interviews with some people, therefore I will prepare my report soon."

based on its desire to retaliate against me. It is no secret that I have filed multiple complaints in the past against NYSAC for discrimination. Interestingly enough the complaints were managed by one, Tony Giardina (see below), who is now the acting Executive Director. I believe because of Tony's knowledge of my previous complaints, and your knowledge as well, the term "hard to manage" has become a characterization of choice.

### October 2017

In October a Training Symposium (October 25) was announced. I advised the NYSAC on October 13th that I could not attend. I had a scheduling conflict with the Virginia DPOR for my mandatory yearly judge's training. I had already attending an inspector's training with NYSAC in 2017.

October 27th, 2017 - I was contacted by a Commissioner who wanted to know why I was not at the Symposium. I told him that I had a scheduling conflict and had advised NYSAC that I could not attend the event. He told me that I was on a panel and Kim Sumbler told him that I knew I was on the panel but failed to show up. I advised him that no one discussed with me my participation on this panel or had confirmed my willingness to participate. The fact was my scheduling conflict precluded me from being at the symposium. He said that Kim Sumbler told him that this was my opportunity to prove that I could be a Deputy Commissioner. I asked him why none of the men had to go through this test, and why it was that she is lying and saying that she had a discussion with me that she did not. I advised him that I was taking a training session lead by one of their NY Boxing judges which was being held in Virginia so that I could get certified by the ABC (Association of Boxing Commissions) and that this training was for my personal advancement, and was scheduled well in advance.

### November 2017

I was notified by a Deputy Commission that a recently appointed Deputy Commissioner, Frank Vasquez, had been besmirching my name, again and it was hurtful. Vasquez was saying that the reason I was not at the training session was because I was being punished by Kim Sumbler for something I did at a previous boxing event. He went on to tell the Deputy that I was a "SNITCH". I was furious and wrote the commission an email about this. I was at my wits end that I was again being targeted by senior management and he was attacking me when I was not even in the State of New York.

Dorothea Perry <rsdorothea.perry@gmail.com>                                11/15/17    ▲  ▾

to Kim, Matthew ▾

I'm trying to figure out a recent rumor about my absence from the training seminar on October 29th. Based on your most recent address to the inspectors at the Nassau Coliseum. it is my understanding that an inspector entered into a dressing room they were not assigned to and the camp made a complaint. It was leaked that 'a female inspector entered into a dressing room they were not supposed to be in and that Kim was upset with them, and that is why Dorothea was not at the training session'  ???? Were you referring to me entering a dressing room I was not supposed to be in? Please advise.

Another rumor surfaced that I was made aware that I was on 'the panel. and it was my opportunity to prove myself qualified to be a Deputy Commissioner' but that I somehow failed that test because I was a no-show. This statement was reportedly made by you. I am not understanding why I am the topic of these false reports but I would like them to stop. they are upsetting. If there is anything anyone at the Commission would like to address with me I would prefer that it be done in a professional manner.

**Dec 4, 2017**

"I recently received a letter from Maria Herman advising me that my most recent complaint submitted was closed on November 28, 2017, only after I submitted another complaint to management. I would respectfully request that my original complaint remains open, and is properly investigated adding to it the additional information I have provided. "

**December 9 2017** Frank Vasquez begins telling other Deputies that former Executive Director Tony Giardina (former deputy Secretary of State) got him "a job with the NYS Division of Human Rights" and that he was "now an investigator". At some point while in the Commission room he stood next to me and announced that "he is an investigator for the NYS Division of Human Rights".

**January 2018**

Maria Herman wrote to me responding to the email that I wrote to Ms. Baldwin. Ms. Baldwin never responded.



**January 2018**

I reported to Matt that Vasquez was acting childish and whispering to other inspectors when he saw me, or purposely making animated body gestures when he was near me to show that he was moving away.

**March 22ⁿᵈ, 2018** - Submitted a complaint to the Inspector General alleging, amongst other things, that Maria Herman was manipulating witness testimony in an effort to hide evidence of discrimination and retaliation. Also that Deputy Commissioner Frank Vasquez, was seeking to intimidate employees of the Athletic Commission from submitting complaints to the NYS State Human Rights Commission by announcing that he was an investigator for the New York State Division of Human Rights. Also, if in fact Frank Vasquez was working for two New York State agencies that it might not be lawful, especially if he was working for both agencies during the same hours (weigh in hours and Human Rights hours at the same time).

## April 2018

**April 6, 2018** I spoke to a member of the Inspector General's office who advised me that my complaint was being forward to the Governor's Office of Employee Relations but only after I lifted my confidentiality.



**STATE OF NEW YORK**
**OFFICE OF THE INSPECTOR GENERAL**
**OFFICE OF THE WELFARE INSPECTOR GENERAL**
**OFFICE OF THE WORKERS' COMPENSATION FRAUD INSPECTOR GENERAL**

EMPIRE STATE PLAZA
AGENCY BLDG. 2, 16ᵀᴴ FLOOR
ALBANY, NEW YORK 12223
(518) 474-1010

81 BROADWAY, SUITE 2100
NEW YORK, NEW YORK 10004
(212) 635-3150

65 COURT STREET, 8ᵀᴴ FLOOR
BUFFALO, NEW YORK 14202
(716) 847-7118

CATHERINE LEAHY SCOTT
INSPECTOR GENERAL

April 6, 2018

Dorothea Perry
74 Tapscott Street
Brooklyn, NY 11212

NYSIG # 0899-026-2018

Dear Ms. Perry:

The Office of the New York State Inspector General received your complaint regarding the New York State Athletic Commission.

After carefully reviewing the information provided, our office referred this matter to executive management at the Governor's Office of Employee Relations. Any further information should be sent to the Governor's Office of Employee Relations located at 2 Empire State Plaza Albany, New York 12223. The Inspector General will not commence an investigation at this time.

Thank you for contacting the Office of the New York State Inspector General.

Very truly yours,

*Leslom Arp*

Chief Investigator
Case Management Unit

LMA/rb

April 25, 2018 – I received a call from HR advising me of my termination. Ms. Meade called at 4:40 pm and advised me "as of COB my services were no longer needed and that I would no longer be an employee of the State". Compare this treatment to that of 2008/2009 when I was sexually assaulted (groped) by a boxing fan at an event in Manhattan. The fan was arrested and then charged. The DA attempted to prosecute the fan for assaulting a peace officer. I made a report to NYSAC and the executive staff fully supported me.

I called Matt Delaglia, the Director of Boxing, on 4/25/18 before 5 pm to inquire about my termination. Matt stated he was not aware of the termination. When I asked if he was aware of any issues related to my performance on 4/21/18 he informed me that "he was only aware of two": the one I reported (workplace violence) and that there were too many people in the fighter's dressing room which was another matter that I reported to my senior Deputy Commissioner verbally. *It should be noted that the Inspector reports directly to the Deputy Commissioner, then the Director of Boxing.*

April 25, 2018– I requested a complete copy of my personnel file pursuant to Senate Bill S2191. I've yet to receive the documents.

April 28th, 2018 I received a letter of termination

## NOTARIZATION OF THE COMPLAINT

Based on the information contained in this form, I charge the above-named Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment), or filing my housing/credit complaint with HUD under Title VIII of the Federal Fair Housing Act, as amended (covers acts of discrimination in housing).as applicable. This complaint will protect your rights under Federal Law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law and/or to accept this complaint on behalf of the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained the in aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

Sign your full legal name

Subscribed and sworn before me
This 9th day of *May*, 2018

Signature of Notary Public

County: *Kings*          Commission expires: 7/11/2020

Jonathan Blenman
NOTARY PUBLIC, STATE OF NEW YORK
Registration No: 01BL6344847
Qualified in Kings County
Comission Expires 07/11/2020

Please note: Once this form is notarized and returned to the Division, it becomes a legal document and an official complaint with the Division of Human rights. After the Division accepts your complaint, this form will be sent to the company or person(s) whom you are accusing of discrimination.

9