# EXHIBIT L

INDEX NO. 152543/2022

NYSCEF DOC. NO. 80                                      RECEIVED NYSCEF: 11/23/2022

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>HON. RICHARD LATIN</u> | **PART**    **46V** |
| *Justice* | |

--------------------------------------------------------------------------------X

DOROTHEA PERRY,

                       Plaintiff,

               - v -

NEW YORK STATE ATHLETIC COMMISSION ET AL.,

                    Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>152543/2022</u> |
| **MOTION DATE** | <u>7/27/2022, 09/22/2022</u> |
| **MOTION SEQ. NO.** | <u>001, 002</u> |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 43, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 76, 77, 78

were read on this motion to/for             <u>           DISMISS           </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 5, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 79

were read on this motion to/for             <u>           DISMISS           </u>.

As a preliminary matter, plaintiff's memorandum of law in opposition does not constitute a vehicle upon which she may seek the relief for leave to submit a second amended complaint.

Upon the foregoing papers, it is ordered that defendants' motion to, inter alia, dismiss plaintiff's complaint is determined as follows:

Plaintiff commenced this action following an adversarial proceeding in which the New York State Department of Labor ("DOL") investigated claims plaintiff brought against her former employer, New York State Athletic Commission ("NYSAC"). Plaintiff brought three causes of action against defendants: (1) deprivation of property without due process under 42 U.S.C. § 1983; (2) abuse of process under 42 U.S.C. § 1983; and (3) common law conspiracy. Here, the New York State Department of State ("DOS") defendants are seeking dismissal pursuant to the Court of Claims Act and pursuant to CPLR 321l(a)(l), (2), (5), and (7). Likewise, the DOL defendants seek

INDEX NO. 152543/2022

NYSCEF DOC. NO. 80                                            RECEIVED NYSCEF: 11/23/2022

to dismiss the amended complaint pursuant to pursuant to CPLR 321l(a)(l), (2), (5), and (7)  on the basis that they are entitled to absolute immunity based on their quasi-judicial function and because the complaint  fails to plausibly allege constitutional violations, which if existed, would not be barred by the State's sovereign immunity.

"The Court of Claims has exclusive jurisdiction over actions for money damages against State agencies, departments, officials, and employees acting in their official capacity in the exercise of governmental functions" (*Hubbard v New York State Off. of Mental Health*, 192 AD3d 1586 [4th Dept 2021]; Court of Claims Act § 8; NY Const., art. VI, § 9). Here, plaintiff's claims brought against individual DOS defendants allege actions that occurred when defendants were acting in their official capacity. Thus, the present claims against the DOS defendants should have been brought in the Court of Claims and all provisions of the Court of Claims Act apply (*see Morell v Balasurbramanian*, 70 NY2d 297 [1987]; *City of New York v Maul*, 239 AD2d 225 [1st Dept 1997]). Therefore, dismissal is appropriate for claims against the DOS defendants.

Moreover, absolute immunity applies to "government officials who exercise quasi-judicial functions" (*Tarter v State*, 68 NY2d 511, 518 [1986]). The purpose of this immunity is to protect government officials who are delegated judicial or quasi-judicial functions from fear of civil retribution for their actions (*id; see also Tango v Tulevech*, 61 NY2d 34 [1983]; *Haddock v New York*, 75 NY2d 478 [1990]). The presence of a quasi-judicial function is clear, and thus absolute immunity applicable, when administrative agencies conduct proceedings that are "[1] adversarial, [2] result in a determination based upon the application of appropriate provisions in the law to the facts and which are [3] susceptible to judicial review" (*see Park Knoll Assoc. v Schmidt*, 89 AD2d 164 [2d Dept 1982])(revd on other grounds [59 N.Y.2d 205 [1983]] (internal quotation marks and citations omitted)).

INDEX NO. 152543/2022

NYSCEF DOC. NO. 80

RECEIVED NYSCEF: 11/23/2022

Here, the DOL defendants are delegated such functions and thus absolute immunity applies. Their function of investigating plaintiff's claims against NYSAC by looking at alleged facts as well as requesting statements/arguments from NYSAC and rendering a determination that could be appealed thereafter, suffices to show that the DOL defendants participate in quasi-judicial functions as explained under *Schmidt*. Additionally, even accepted as true, plaintiff's allegations in the complaint do not establish that defendants were acting outside the scope of this function. There is no alleged action that does not directly concern defendants' investigation and determination.

An allegation of malice or corruption of motive does not render a judicial act any less judicial (*Bernard v Cnty. of Suffolk*, 356 F3d 495, 505 (2d Cir. 2004) (internal quotation marks and citation omitted) (citing *Tucker v Outwater*, 118 F.3d 930, 932 (2d Cir.1997) ("The cloak of immunity is not pierced by allegations of bad faith or malice, even though unfairness and injustice to a litigant may result…" (internal quotation marks and citations omitted)). The only exceptions to immunity would be if the officer acted in the "clear absence of all jurisdiction," or where the actions taken were not within the nature of the official's duties (*see generally Mireles v Waco*, 502 US 9 [1991]). Here, plaintiff makes generalized allegations of bad faith and conspiracy, but this does not negate the quasi-judicial function in which defendants were tasked with nor alter the applicability of absolute immunity.

Additionally, the DOL defendants did not waive the defense of absolute immunity in the stipulation filed by these parties on or about August 3, 2022 (NYSCEF doc. 31). In the stipulation the parties agreed to waive only "personal jurisdiction and/or service of process." The stipulation did not preclude defendants from asserting affirmative defenses such as absolute immunity. To the extent that plaintiffs argue that the absolute immunity defense is tied to the waiver of personal

INDEX NO. 152543/2022
NYSCEF DOC. NO. 80                                                    RECEIVED NYSCEF: 11/23/2022

jurisdiction, such a defense is not regarded as asserting personal jurisdiction defense, but rather one pertaining to subject matter jurisdiction (*see Marshall v New York State Pub. High Sch Athletic Assn.*, 374 F Supp 3d 276, 287-288 (WD NY 2019). Here, the aforementioned stipulation did not preclude parties from asserting lack of subject matter jurisdiction, only from asserting lack of personal jurisdiction. Therefore, dismissal is also appropriate for the claims against the DOL defendants[1].

Accordingly, defendants' motions to dismiss the first amended complaint is granted; and it is further

ORDERED that the amended complaint is dismissed; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the decision and order of the Court.

**11/23/2022**                                                    _RICHARD LATIN, J.S.C._
**DATE**                                                          **RICHARD LATIN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[1] Moreover, even if there was jurisdiction and no immunity, plaintiff's claims are time barred and fail to state a cause of action pursuant to CPLR 3211(a)(7).