**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DOROTHEA PERRY,

Plaintiff, *pro se,*

- against -

NEW YORK STATE ATHLETIC COMMISSION;
NEW YORK STATE DEPARTMENT OF STATE;
JAMES LEARY, in his personal capacity;
KIMBERLY SUMBLER, in her personal capacity;
ANTHONY GIARDINA, in his personal capacity;
LINDA BALDWIN, in her personal capacity; and
LILLIANA ESTRELLA-CASTILLO, in her personal capacity;
and JOHN/JANE DOES 1-10,

Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**
**BY DEFENDANTS NEW YORK STATE ATHLETIC COMMISSION, NEW YORK**
**STATE DEPARTMENT OF STATE, JAMES LEARY, KIMBERLY SUMBLER,**
**ANTHONY GIARDINA AND LINDA BALDWIN**
Case No. 1:25-CV-00938 (JPC/HJR)

---

# GLEASON, DUNN, WALSH & O'SHEA

*Attorneys for Defendants NYS Athletic Commission, NYS Department of State,*
*James Leary, Kimberly Sumbler, Anthony Giardina and Linda Baldwin*
Office and P.O. Address
300 Great Oaks Blvd., Suite 321
Albany, New York 12203
(518) 432-7511

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ iv

PRELIMINARY STATEMENT ......................................................................................1

FACTUAL BACKGROUND................................................................................................2

A.     Plaintiff's Prior Lawsuits ........................................................................................2

     1.     New York State Division of Human Rights ............................................3

     2.     New York State Department of Labor....................................................3

     3.     United States District Court for the Southern District of New York........4

     4.     New York State Supreme Court, County of New York............................4

B.     This Action     ........................................................................................................5

ARGUMENT

POINT I

     THE MAJORITY OF PLAINTIFF'S CLAIMS
     ARE BARRED BY *RES JUDICATA* ................................................................6

A.     The *Res Judicata* Standard.....................................................................................6

B.     All Elements of *Res Judicata* Have Been Met.......................................................8

     1.     There is a Prior Final Judgment.............................................................8

     2.     The NYSAC and NYSDOS Parties are the Same. ................................9

     3.     The Majority of Plaintiff's Claims Have Been Fully Adjudicated.........10

POINT II

     PLAINTIFF'S SECTION 1981 AND SECTION 1983
     CLAIMS ARE TIME BARRED AND MUST BE DISMISSED ...................................16

A.     Plaintiff's Section 1981 Claim is Time Barred......................................................17

B.     The Majority of Plaintiff's Section 1983 Claims are Time-Barred. ........................17

i

1.    Count V is Time Barred. ........................................................................18

2.    Count VI is Time Barred. ......................................................................19

3.    Count VII is Time Barred. ....................................................................19

4.    Count VIII is Time Barred. ...................................................................20

C.    Plaintiff's Conspiracy Claims are Time Barred. ...............................................21

POINT III

PLAINTIFF'S SECTION 1983 CLAIMS FAIL AS A MATTER OF LAW,
BECAUSE THE STATE HAS NOT WAIVED IMMUNITY, AND THE
MOVING DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ...............21

A.    Plaintiff's Section 1983 Claims Against NYSDOS
and NYSAC are Barred by Sovereign Immunity. .............................................21

B.    Plaintiff's Section 1983 Claims Against the Moving
Defendants are Barred by Qualified Immunity. ................................................22

POINT IV

SEVERAL CAUSES OF ACTION MUST BE
DISMISSED FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED ..............................................................23

A.    The FRCP 12(b)(6) Standard. ..........................................................................23

B.    Plaintiff's Section 1983 Claims Are Not Viable under FRCP 12(b)(6). ...........24

1.    Plaintiff's Conspiracy Claims Must Be Dismissed. ...............................24

2.    Plaintiff's Claim that the Moving Defendants Violated CSL §75 is Meritless. ....25

3.    Plaintiff Was Not Denied Meaningful Access to the Courts. ...............25

4.    Plaintiff's Allegation that Counsel Disclosed Her
Medical Information in Retaliation is Meritless. ...................................27

5.    There is No Basis for Plaintiff's Allegations that the
Moving Defendants Retaliated Against Any Witnesses. .......................27

6.    The Continued Presence of a Reporter is Not Grounds
for Any Claim Against the Moving Defendants. ...................................28

ii

CONCLUSION    ...........................................................................................................29

## TABLE OF AUTHORITIES

**Cases**

Adams v. Crystal City Marriott Hotel, No. 02 Civ.10258 PKL, 2004 WL 744489 (SDNY April 6, 2004) ................................................................................................................... 16

Allen v. McCurry, 449 U.S. 90 (1980) ................................................................................. 6, 7

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................................................... 23

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ............................................................ 23

Bermudez v. City of New York, 783 F.Supp.2d 560 (SDNY 2011) ........................................ 17

Brown Media Corp. v. K&L Gates, LLP, 854 F.3d 150 (2d Cir. 2017) ................................... 7

Channer v. Dep't of Homeland Sec., 527 F.3d 275 (2d Cir.2008) ........................................... 7

Charles v. City of New York, No. 99 Civ. 3786 (RWS), 2007 WL 2728407 (SDNY September 17, 2007) ............................................................................................................ 10

Conopco, Inc. v. Roll Intern., 231 F.3d 82 (2d Cir. 2000) ....................................................... 8

Cordaro v. Department of Defense, 6:22-CV-06027 EAW, 2023 WL 6259071 (WDNY September 26, 2023) .............................................................................................................. 8

Cromwell v. County of Sac., 94 U.S. 351 (1876) .................................................................... 6

Decter v. Second Nature Therapeutic Program, LLC, 42 F.Supp.3d 450 (EDNY 2014) ............. 21

Ellul v. Congregation of Christian Bros., 774 F.3d 791 (2d Cir. 2014) ................................. 16

Fouche v. St. Charles Hosp., 43 F.Supp.3d 206 (EDNY 2014) ............................................. 17

Garel v. City of New York, No. CV-04-3506(CBA)(JMA), 2006 WL 3024725 (EDNY October 23, 2006) ........................................................................................................... 27, 28

Gonzalez v. City of New York, 396 F.Supp.2d 411 (SDNY 2005) ......................................... 10

Hernandez v. Cunningham, 914 F. Supp. 72 (SDNY 1996) ............................................... 10, 15

In re Layo, 460 F.3d 289 (2d Cir. 2006) ................................................................................. 7

Jackson v. New York State, 381 F.Supp.2d 80 (NDNY 2005) ............................................... 25

Johnson v. Scanlon, No. CV–91–1807 (CPS), 1992 WL 398312 (EDNY
    December 21, 1992) .................................................................................................. 18

Karol v. City of New York, 396 F.Supp.3d 309 (SDNY 2019) ..................................... 22

Kern v. City of Rochester, 93 F.3d 38 (2d Cir. 1996) ................................................... 27

Locurto v. Safir, 264 F.3d 154 (2d Cir. 2001) .............................................................. 26

Mahmood v. Research in Motion Ltd., 905 F.Supp.2d 498 (SDNY 2012) ........................... 6, 7, 10

Male v. Tops Markets, LLC, 354 Fed.Appx. 514 (2d Cir. 2009) .................................... 10

Malsh v. Austin, 901 F. Supp. 757 (SDNY 1995) ........................................................ 24

Markel American Insurance Company v. Mr. Demolition, Inc., 717 F.Supp.3d 238
    (EDNY 2024) ........................................................................................................... 16

McArthur v. Bell, 788 F. Supp. 706 (EDNY 1992) ....................................................... 27

McNeil v. U.S. Dept. of Housing and Urban Development, 293 F.Supp. 300 (SDNY 1968) ..... 22

Mennella v. Office of Court Admin., 938 F. Supp.128 (EDNY 1996) ..................................... 7, 10

Montana v. United States, 440 U.S. 147 (1979) ............................................................ 7

Northern Assur. Co. of America v. Square D Co., 201 F.3d 84 (2d Cir. 2000) .............................. 7

Ormiston v. Nelson, 117 F.3d 69 (2d Cir. 1997) ........................................................... 17

Owens v. Okure, 488 U.S. 235 (1989) .......................................................................... 17

Pendleton v. Goord, 849 F.Supp.2d 324 (EDNY 2012) ................................................ 22

Quinn v. Nassau County Police Dept., 53 F.Supp.2d 347 (EDNY 1999) .......................... 24, 27, 28

Raymond v. City of New York, 317 F.Supp.3d 746 (SDNY 2018) ................................. 18

Reeder v. Hogan, Civil Action No. 9:09–CV–0977 (GTS/DEP), 2011 WL 1484118 (NDNY
    March 1, 2011) ........................................................................................................ 24

Richard v. Leclaire, 9:15-CV-00006 (BKS/TWD), 2017 WL 9511181
    (NDNY July 10, 2017) ............................................................................................ 17

Robinson v. Purcell Const. Corp., 647 Fed.Appx. 29 (2d Cir. 2016) ............................. 7

Sanders v. New York City Dept. of Housing Preservation and Development, 127 A.D.3d 453
   (1st Dept. 2015) ................................................................................................................. 20

Simmons v. Trans Express Inc., 16 F.4th 357 (2d Cir. 2021) ........................................... 11

Smith v. City of New York, 130 F.Supp.3d 819 (SDNY 2015) ........................................... 8

Swanhart v. New York, No. 20 Civ. 6819 (NSR), 2022 WL 875846
   (SDNY March 24, 2022) .................................................................................................... 24

TechnoMarine SA v. Giftports, Inc., 758 F.3d 493 (2d Cir. 2014) ..................................... 8

Tessler v. Paterson, 768 F.Supp.2d 661 (SDNY 2011) ..................................................... 26

Valle v. Bally Total Fitness, 2003 WL 22244552 (SDNY 2003) ....................................... 16

Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) .............................................. 21

Woods v. Dunlop Tire Corp., 972 F.2d 36 (2d Cir.1992), cert. den., 506 U.S. 1053
   (1993) ........................................................................................................................... 10, 15

**Statutes**

28 U.S.C. §1738 .................................................................................................................... 8

42 U.S.C. §1981 ............................................................................................................ passim

42 U.S.C. §1983 ............................................................................................................ passim

42 U.S.C. §2000e et seq. ...................................................................................................... 1

Federal Rule of Civil Procedure 8(a)(2) ............................................................................ 23

Federal Rule of Civil Procedure 12(b)(1) ........................................................................... 1

Federal Rule of Civil Procedure 12(b)(6) .............................................................. 1, 8, 16, 23

N.Y. Civ. Prac. L. & Rules §3211(a)(7) ............................................................................ 5, 9

N.Y. Civ. Prac. L. & Rules §5513(a) .................................................................................. 9

N.Y. Civ. Prac. L. & Rules §5701(a) .................................................................................. 9

N.Y. Civ. Service Law §75 et seq. .................................................................... 1, 5, 9, 20, 25

N.Y. Executive Law §90 ..................................................................................................... 2

N.Y. Executive Law §290 et seq. ...................................................................... 4, 9, 26

N.Y. General Business Law §1003 ........................................................................ 2

N.Y. General Business Law §1005 .................................................................... 2, 25

N.Y. Labor Law §27-a(10)(a) ............................................................................... 4

New York Court of Claims Act .............................................................................. 9

**Other Authorities**
Restatement (Second) of Judgments §24(2) (1982) .............................................. 7

**Constitutional Provisions**
U.S. Constitution, 14th Amendment .......................................................... 1, 5, 9, 17

U.S. Constitution, 1st Amendment ..................................................................... 1, 18

**PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted on behalf of Defendants New York State Athletic Commission ("NYSAC"), New York State Department of State ("NYSDOS"), James Leary ("Leary"), Kimberly Sumbler ("Sumbler"), Anthony Giardina ("Giardina"), and Linda Baldwin ("Baldwin") (hereinafter referred to collectively as the "Moving Defendants"), in support of their motion to dismiss Plaintiff's claims against them in their entirety.

Plaintiff Dorothea Perry filed her initial complaint in this action on January 31, 2025 (Dkt. 1), and subsequently filed two amended complaints. Plaintiff's First Amended Complaint was filed on October 7, 2025 (Dkt. 14), and her Second Amended Complaint (hereinafter "Complaint") was filed on November 14, 2025 (Dkt. 24; see also Ex. A to the accompanying Affirmation of Lisa F. Joslin, Esq., dated April 29, 2026 ["Joslin Aff."]). In the Complaint, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), 42 U.S.C. §1981, and 42 U.S.C. §1983. In connection with her Section 1983 claims, Plaintiff references the First and Fourteenth Amendments to the United States Constitution, as well as New York Civil Service Law §75 et seq. ("CSL §75").

For the reasons set forth herein, all of Plaintiff's claims against the Moving Defendants should be dismissed in their entirety as a matter of law, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on grounds that: this Court does not have jurisdiction over the subject matter of several causes of action; the Moving Defendants have immunity; the statutes of limitations have expired with respect to Plaintiff's claims; and/or Plaintiff has failed to state a cause of action for which relief can be granted against the Moving Defendants.

1

## FACTUAL BACKGROUND

NYSAC is a subdivision of the NYSDOS, an executive agency created by Section 90 of the New York Executive Law,[1] which regulates and oversees combat sports in New York State. NYSAC's creation, mission and purpose are detailed on the NYSDOS website, at https://dos.ny.gov/nysac-operations-team.

Plaintiff was a part-time inspector employed by NYSAC from 2004 through her discharge in April 2018 (Complaint, ¶5). This is an at-will appointment pursuant to New York State statute (see New York General Business Law §1005 ["The secretary of state may appoint, and at his or her pleasure remove, an executive director, deputies, officers, inspectors, physicians and any such other employees as may be necessary to administer the provisions of this article and fix their salaries within the amount appropriated therefor"]).

### A.    Plaintiff's Prior Lawsuits

Since Plaintiff's discharge from employment with NYSAC (and prior to the instant action), she commenced multiple legal proceedings in various forums against the Moving Defendants, as well as other individuals and entities, including in: (1) the New York State Division of Human Rights ("DHR"); (2) the New York State Department of Labor ("NYSDOL"), Public Employee Safety & Health Bureau ("PESH"); (3) the United States District Court for the Southern District

---

[1] This provision states, in part: "There shall be in the state government a department of state. The head of the department shall be the secretary of state who shall be appointed by the governor by and with the advice and consent of the senate and hold office until the end of the term of the governor by whom he was appointed and until his successor is appointed and has qualified" (N.Y. Exec. Law §90). New York General Business Law section 1003 further provides: "The state athletic commission, as named by chapter nine hundred twelve of the laws of nineteen hundred twenty, as amended by chapter six hundred three of the laws of nineteen hundred eighty-one, is continued as a division of the department of state" (N.Y. Gen. Bus. Law §1003[1]).

2

of New York ("SDNY"); and (4) the New York State Supreme Court, County of New York (see Joslin Aff., ¶¶ 5-11).

### 1.    New York State Division of Human Rights

In May 2018, Plaintiff filed a complaint against NYSAC with the DHR, alleging discrimination on the basis of age, race and gender, retaliation, and hostile work environment sexual harassment (see Complaint, p.2; Joslin Aff., ¶6 and Ex. B). The parties engaged in an extensive eleven (11) day hearing, during which Plaintiff was represented by an "experienced civil rights attorney," which provided Plaintiff with a full and fair opportunity to be heard (Complaint, ¶¶107-110, 250; Joslin Aff., ¶6 and Exs. B and C). The DHR dismissed Plaintiff's complaint on November 7, 2024 (Joslin Aff., ¶7, Ex. C); and Plaintiff did not file a Petition to appeal the Final Order (Complaint, ¶¶248-251).

### 2.    New York State Department of Labor

On or about June 20, 2018, Plaintiff filed a complaint against NYSAC with the New York State Department of Labor Public Employee Safety & Health Bureau (hereinafter "NYSDOL Complaint") (see Complaint, ¶120; Joslin Aff., ¶8 and Ex. D). The NYSDOL issued a determination in Plaintiff's favor; and on April 21, 2022, NYSAC submitted an appeal to the State's Industrial Board of Appeals ("IBA") (Joslin Aff., ¶8 and Ex. E). As a result of NYSAC's appeal, the NYSDOL reopened its investigation into Plaintiff's claims.

On May 9, 2022, NYSAC and the NYSDOL implemented and executed a tolling agreement, under which the NYSDOL agreed to re-open the investigation of Plaintiff's complaint and NYSAC agreed to withdraw its IBA appeal (Joslin Aff., ¶8). As a result of this tolling agreement, NYSAC withdrew its appeal on May 10, 2022 (id.). On August 11, 2022, NYSDOL Deputy Counsel, Bridget Holohan Scally issued a Determination that NYSAC violated New York

3

Labor Law §27-a(10)(a) when it terminated Plaintiff's employment after she filed a workplace violence incident report (Complaint, ¶127; Joslin Aff., ¶9 and Ex. F). On October 6, 2022, NYSAC submitted its second appeal, a Petition for Review of Holohan Scally's Determination with the IBA (Joslin Aff., ¶9 and Ex. G). A hearing on Plaintiff's NYSDOL Complaint was conducted during the period December 19 through 22, 2023, before IBA Hearing Officer Benjamin Shaw (Joslin Aff., ¶9). Plaintiff was represented by attorney Peter Parry during the NYSDOL hearing (id.). As of the date of this filing, the parties have not yet received a determination from the IBA (id.).

### 3.    United States District Court for the Southern District of New York

On March 4, 2021, Plaintiff filed a complaint against Defendants NYSAC, NYSDOS, Sumbler and Giardina in the United States District Court for the Southern District of New York ("2021 Federal Suit"); and then amended that complaint on March 8, 2021 (Joslin Aff., ¶10 and Ex. H). Plaintiff voluntarily dismissed the 2021 Federal Suit, without prejudice, on February 17, 2022 (Joslin Aff., ¶10 and Ex. I).

### 4.    New York State Supreme Court, County of New York

On March 24, 2022, Plaintiff filed a Verified Complaint in the New York State Supreme Court, County of New York, against Defendants NYSAC, NYSDOS, Sumbler, Giardina, Leary and Baldwin, as well as another NYSDOS employee, Maria Herman ("NYS Lawsuit") (Joslin Aff., ¶11, Ex. J). On June 27, 2022, Plaintiff filed a Verified First Amended Complaint in the NYS Lawsuit, adding defendants Secretary of State Robert J. Rodriguez, the NYSDOL, NYSDOL Commissioner Roberta Reardon, and NYSDOL employees Bridget Holohan Scally and Jill Archambault (Joslin Aff., ¶11, Ex. K). In her NYS Lawsuit, Plaintiff brought claims against the Moving Defendants pursuant to the New York Human Rights Law, Executive Law §290 et seq.;

4

under the New York Civil Service Law §75 et seq.; for deprivation of due process and abuse of process under 42 U.S.C. §1983; pursuant to the Fourteenth Amendment to the United States Constitution, for hostile work environment, gender and race discrimination; and under common law for abuse of process, "stigma plus violation of due process," and civil conspiracy (Ex. K to Joslin Aff.).

All of the defendants in Plaintiff's NYS Lawsuit moved to dismiss the claims against them; and on November 23, 2022, Judge Richard Latin, J.S.C., dismissed her complaint in its entirety (see Joslin Aff., ¶12, Ex. L). Specific to Defendants Sumbler, Giardina, Leary and Baldwin, the Court found that they had acted in their official capacities with respect to the circumstances underlying Plaintiff's claims (id.). Thus, Judge Latin ruled that the claims against them (as well as NYSAC and NYSDOS) should have been brought in the Court of Claims (id.) The Court further ruled that "plaintiff's claims are time barred and fail to state a cause of action pursuant to CPLR 3211(a)(7)" (id., fn.1). Plaintiff did not appeal the dismissal of the NYS Lawsuit (Joslin Aff., ¶12).

## B.    This Action

The instant matter was filed against NYSAC, NYSDOS, four (4) individuals associated with NYSDOS (Leary, Sumbler, Giardina and Baldwin), former DHR Chief Administrative Law Judge Lilliana Estrella-Castillo, and up to ten John/Jane Does (Complaint, p.4, ¶151). Of the four individual NYSDOS Defendants, only one is currently employed by NYSDOS, that is, Defendant Leary, who is the Assistant Executive Deputy Secretary of State (see accompanying Affirmation of James Leary, dated April 27, 2026 [Leary Aff.], ¶1). Regarding the other NYSDOS individuals: Sumbler was the Executive Director of NYSAC from 2017 until May 23, 2024; Giardina held the position of Interim Executive Director of NYSAC immediately prior to Sumbler, until July 6,

5

2017; and Baldwin was General Counsel at NYSDOS from July 2013 until March 2, 2023 (Leary Aff., ¶¶3-6).

In this matter, Plaintiff brings eight (8) causes of action: three (3) pursuant to Title VII (alleging race and sex discrimination, and retaliation); one (1) pursuant to 42 U.S.C. §1981 (alleging race discrimination and retaliation); and four (4) pursuant to 42 U.S.C. §1983 (alleging race and sex discrimination, retaliation for engaging in protected speech, conspiracy and denial of access to courts, and deprivation of property without due process). The vast majority of these claims have been litigated several times and should not be subject to re-litigation here. The remaining claims ae subject to dismissal on grounds that they are untimely, prohibited by sovereign immunity, and/or fail to state a claim upon which relief can be granted.

## ARGUMENT

### POINT I

### THE MAJORITY OF PLAINTIFF'S CLAIMS ARE BARRED BY *RES JUDICATA*

The vast majority of Plaintiff's claims in this action arise out of the same set of facts that already have been litigated and relitigated in multiple forums. With the exception of her claims regarding the DHR process and an alleged conspiracy, Plaintiff's causes of action have been subject to a final judgment in another forum and must be dismissed.

A.      **The *Res Judicata* Standard.**

"The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action'" (Mahmood v. Research in Motion Ltd., 905 F.Supp.2d 498, 501 [SDNY 2012], quoting, Allen v. McCurry, 449 U.S. 90, 94 [1980] [citing Cromwell v. County of Sac., 94 U.S. 351, 352 (1876)]). "Courts give *res judicata* effect to final judgments to 'relieve parties of

6

the cost and vexation of multiple lawsuits, [to] conserve judicial resources, and, by preventing inconsistent decisions, [to] encourage reliance on adjudication.'" (Mahmood at 501, quoting Allen at 94 [citing Montana v. United States, 440 U.S. 147, 153–54 (1979)]). Put another way, the doctrine requires the plaintiff to "bring all claims at once against the same defendant relating to the same transaction or event" (Northern Assur. Co. of America v. Square D Co., 201 F.3d 84, 88 [2d Cir. 2000]).

In determining whether the doctrine of *res judicata* bars subsequent claims, Courts consider whether: "'1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same'" (Brown Media Corp. v. K&L Gates, LLP, 854 F.3d 150, 157 [2d Cir. 2017], quoting In re Layo, 460 F.3d 289, 292 [2d Cir. 2006] [internal citations omitted]). At times, these four elements are condensed to three, where a "claim may be barred by *res judicata* if (1) the prior action involves a judgment on the merits; (2) whether the prior action involves the same parties or those in privity; and (3) whether the claims asserted in the action were, or could have been, asserted in the prior action" (Robinson v. Purcell Const. Corp., 647 Fed.Appx. 29, 30 [2d Cir. 2016]).

Under either recitation of the elements, the Court must determine if the claims are based on the same underlying facts or event. This requires a review "under the 'transactional test' of the Restatement (Second) of Judgments, which applies three inquiries: (1) whether the underlying facts are 'related in time, space, origin, or motivation;' (2) whether the underlying facts 'form a convenient trial unit;' and (3) whether their 'treatment as a unit conforms to the parties' expectations'" (Robinson at 30, quoting Channer v. Dep't of Homeland Sec., 527 F.3d 275, 280 [2d Cir.2008]; see also, Restatement (Second) of Judgments §24(2) [1982]; Mennella v. Office of Court Admin., 938 F. Supp.128, 132 [EDNY 1996] [confirming, "Under New York's transactional

approach to *res judicata*, claims arising out of the same factual grouping are deemed to be part of the same cause of action and any later claim will be barred, where the initial forum had the power to award the full measure of relief sought in the later litigation"]).

A Rule 12(b)(6) motion is an appropriate vehicle to raise a *res judicata* defense (see, e.g., Cordaro v. Department of Defense, 6:22-CV-06027 EAW, 2023 WL 6259071, at *4 [WDNY September 26, 2023] [noting that "consideration of *res judicata* and collateral estoppel are appropriate on a Rule 12(b)(6) motion"]). When reviewing the motion, "the court's inquiry is 'limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice'" (Smith v. City of New York, 130 F.Supp.3d 819, 827 [SDNY 2015], quoting TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 498 [2d Cir. 2014]).

## B.   All Elements of *Res Judicata* Have Been Met.

### 1.   There is a Prior Final Judgment.

"It is well settled that a dismissal with prejudice 'constitutes a final judgment with the preclusive effect of *res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit'" (Cordaro, supra, at *5 [internal citations and quotations omitted]).

This standard applies regardless of what court dismissed the action, and includes state court actions in a federal court lawsuit (see Conopco, Inc. v. Roll Intern., 231 F.3d 82, 87 [2d Cir. 2000]). As the Second Circuit ruled in Conopco, "[i]f the proceedings of a state trial court comported with due process, every federal court must afford the final judgment entered therein the same preclusive effect it would be given in the courts of that state" (231 F.3d at 87; see also the "Full Faith and Credit Act," 28 U.S.C. §1738 [providing that "judicial proceedings of any court of any [ ] State … shall have the same full faith and credit in every court within the United States and its Territories

and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken"]).

In Plaintiff's prior NYS Lawsuit, she brought claims in New York County Supreme Court against each of the Moving Defendants (among others), pursuant to the New York Human Rights Law, Executive Law §290 et seq.; under the New York Civil Service Law §75 et seq.; for deprivation of due process and abuse of process under 42 U.S.C. §1983; pursuant to the Fourteenth Amendment to the United States Constitution, for hostile work environment, gender and race discrimination; and under common law for abuse of process, "stigma plus violation of due process," and civil conspiracy (Ex. K to Joslin Aff.). By Decision and Order dated November 23, 2022, Judge Richard Latin dismissed all of Plaintiff's claims in their entirety (see Ex. L to Joslin).

Specific to Defendants Sumbler, Giardina, Leary and Baldwin, the Court found that they had acted in their official capacities with respect to the circumstances underlying Plaintiff's claims in the NYS lawsuit (id.). Judge Latin ruled that the claims against them (as well as NYSAC and NYSDOS) should have been brought in the Court of Claims, and thus, Plaintiff failed to comply with the New York Court of Claims Act (id.). The Court further ruled that "plaintiff's claims are time barred and fail to state a cause of action pursuant to CPLR 3211(a)(7)" (id., fn.1). Because Plaintiff did not appeal the dismissal of the NYS Lawsuit (Joslin Aff., ¶12), it is a final judgment (see CPLR §§5513[a] and 5701[a]). Thus, the first element of res judicata has been met.

## 2.   The NYSAC and NYSDOS Parties are the Same.

The NYS Lawsuit was commenced against all of the Moving Defendants, as well as other parties (Joslin Aff., ¶11, Ex. K). Thus, there can be no dispute that the parties are the same in both the NYS Lawsuit and the instant matter (see, e.g., Gonzalez v. City of New York, 396 F.Supp.2d

411, 415 [SDNY 2005] [noting that the defendants in a prior action and the current action were the same for the purposes of *res judicata*]); and the second element of *res judicata* is met here.

### 3. The Majority of Plaintiff's Claims Have Been Fully Adjudicated.

It is well settled law that claims based upon the same underlying facts constitute the same "transaction" – and thus, the same cause of action – for purposes of *res judicata* (see, Mennella, supra, at 132, quoting Woods v. Dunlop Tire Corp., 972 F.2d 36, 39 [2d Cir.1992], cert. den., 506 U.S. 1053 [1993] ["The Second Circuit stated that where a plaintiff claimed in subsequent actions that the same adverse employment action violated the Labor Management Relations Act and Title VII, the district court correctly determined that the actions involved the 'the same transaction, and therefore the same cause of action, for *res judicata* purposes'"]; Hernandez v. Cunningham, 914 F. Supp. 72, 75 [SDNY 1996] [holding the "Court of Appeals applies *res judicata* to bar a second suit if the two actions stem from the same transactions or series of transactions regardless of the underlying theories"]; Woods, supra, at 39 [noting that it is the "facts surrounding the occurrence" and "not the legal theory" which is assessed for *res judicata*]; Charles v. City of New York, No. 99 Civ. 3786 (RWS), 2007 WL 2728407, at *8 [SDNY September 17, 2007] [confirming that "claim preclusion applies to Title VII claims when the same transaction has been previously litigated between the parties in federal court"]).

In applying the "transactional test" to determine whether two actions involve the same claims, the Second Circuit examines "whether the later claims arise from the same 'nucleus of operative fact' as the earlier ones" (Male v. Tops Markets, LLC, 354 Fed.Appx. 514, 515 [2d Cir. 2009]; see also, Mahmood, supra, at 504 [confirming that the "transactional test focuses on the facts at the heart of the two actions and requires the Court to make a common-sense determination of whether the two actions are so related that they should have been litigated together"]; Simmons

v. Trans Express Inc., 16 F.4th 357, 360 [2d Cir. 2021] [explaining that "[in] assessing whether claims arise out of the same transaction or series of transactions, New York courts analyze whether the claims turn on facts that are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage"] [internal citations and quotations omitted]).

Virtually all of Plaintiff's claims against the Moving Defendants in the instant matter arise out of the termination of Plaintiff's employment on April 25, 2018, almost seven (7) years prior to commencement of this suit. Indeed, Plaintiff's allegations of race and gender discrimination, racial harassment and sexual harassment, and retaliation all stem from her termination (Exs. J and K to Joslin Aff.). The following side-by-side review demonstrates the similarity among claims in the instant matter and the NYS Lawsuit:

| Instant Matter | | NYS Lawsuit | |
|---|---|---|---|
| **Claim** | **Allegations** | **NYS Complaint** | **Allegations** |
| **Count I Title VII – Employment Discrimination Based on Race (NYSAC)** | Hostile work environment by racial slurs, public humiliation | ¶¶17 and 83 | Plaintiff was subjected to slurs |
| | Denial of promotion to Deputy Commissioner | First Cause of Action; ¶¶29, 113, 116 | Giardina did not consider Plaintiff for promotion |
| | Disparate treatment in workplace violence complaints | First Cause of Action; ¶¶9, 18, 35, 121 | Plaintiff's employment was terminated after her workplace violence complaint |
| | Disparate treatment in discipline between Plaintiff and Edward Kunkle | First Cause of Action; ¶¶43, 120 | Supervisor Edward Kunkle was not disciplined |
| | Disparate treatment in selective enforcement of ethics rules, retaliatory termination with discriminatory motive | First and Second Causes of Action; ¶¶136, 156 | Leary prevented Plaintiff from becoming a boxing judge, required her resignation as boxing judge in Virginia |

| Instant Matter | | NYS Lawsuit | |
|---|---|---|---|
| **Count II Title VII - Employment Discrimination Based on Sex (NYSAC)** | Sexual harassment, Giardina asked Plaintiff for hug | ¶¶28, 64, 177, 188 | Giardina attempted to hug Plaintiff |
| | Hostile work environment based on sex, gender-based slurs, severe and pervasive work environment | ¶¶17, 83 | Plaintiff was subjected to slurs |
| | Retaliation against witness, by discharging Jean Seme | ¶79 | Seme discharged because he witnessed Giardina ask Plaintiff for a hug |
| **Count III Title VII - Retaliation (NYSAC)** | Plaintiff was discharged after filing an IG complaint and reported death threat | First Cause of Action; ¶¶9, 18, 31, 44, 121 | Plaintiff was discharged after filing workplace violence and IG complaints |
| **Count IV Section 1981 - Race Discrimination (Leary, Sumbler & Giardina)** | Denied promotion based on race | First Cause of Action; ¶¶29, 113, 116 | Giardina denied Plaintiff promotion |
| | Applied different disciplinary standards based on race | First Cause of Action; ¶¶43, 120 | Edward Kunkle was not disciplined |
| | Discharged Plaintiff in retaliation for opposing race discrimination | First Cause of Action; ¶¶9, 18, 31, 44, 121 | Discharged Plaintiff after she filed workplace violence and IG complaints |
| **Count V Section 1983 - Violation of Equal Protection (Fourteenth Amendment) - Race and Sex Discrimination (Leary, Sumbler, Giardina & Baldwin)** | Selectively enforced rules to restrict Plaintiff's economic opportunities | First Cause of Action; ¶136 | Leary prevented Plaintiff from becoming a boxing judge, when former white employees were permitted to work for promoters |
| | Terminated Plaintiff's employment while not disciplining a white male supervisor | First Cause of Action; ¶¶43, 120 | Edward Kunkle was not disciplined |
| | Denying Plaintiff promotional opportunities | First Cause of Action; ¶¶29, 113, 116 | Giardina did not consider Plaintiff for promotion |

12

| | Instant Matter | NYS Lawsuit | |
|---|---|---|---|
| | Sexual harassment, hostile work environment based on race and sex | ¶¶28, 64, 177, 188 | Giardina attempted to hug Plaintiff |
| | Treating workplace violence complaints differently due to race | First, Fifth Causes of Action; ¶¶28, 62, 79-80, 117, 188 | Witness Seme threatened with arrest for conduct toward Sumbler, Plaintiff's complaint handled differently |
| | Hostile work environment, race and gender-based slurs | ¶¶17, 83 | Plaintiff was subjected to slurs |
| | Retaliating against Plaintiff for opposing race and sex discrimination | First Cause of Action; ¶¶9, 18, 31, 44, 121 | Plaintiff was discharged after filing workplace violence and IG complaints |
| **Count VI Section 1983 - Violation of First Amend. - Retaliation for Protected Speech (all Defendants)** | Plaintiff was discharged 19 days after her IG complaint and 3 days after report of alleged death threat | First Cause of Action; ¶¶9, 18, 31, 44, 121 | Plaintiff was discharged after filing workplace violence and IG complaints |
| | Manufacturing a breach of protocol to discharge Plaintiff | First, Third, and Fifth Causes of Action; ¶¶45, 55, 119, 135, 169, 187 | Sumbler submitted false allegations regarding Plaintiff's breach of protocol |
| | Discharging Plaintiff's witnesses (Seme, Signorile, Ward) | ¶79 (Seme) | Seme discharged because he witnessed Giardina ask Plaintiff for a hug |
| | Fraudulent manipulation of DHR process | ¶185 | Baldwin attempted to influence the outcome of NYSDHR matter |
| | Refusing to process new EEOC complaint after instant matter was filed | [This claim is not against NYSDOS, NYSAC, or the NYSDOS Defendants] | |
| | Disclosing Plaintiff's confidential medical information in retaliation for pursuing claims | [Not referenced in NYS Complaint] | |

13

| Instant Matter | | NYS Lawsuit | |
|---|---|---|---|
| | Allowing reporter who threatened Plaintiff to continue working with NYSAC | [Not referenced in NYS Complaint] | |
| **Count VII Section 1983 - Conspiracy to Violate Civil Rights, Deny Access to Courts (Leary, Baldwin, and Estrella-Castillo)** | Discharging Plaintiff without process under CSL §75 | First and Fifth Causes of Action; ¶¶126-135, 187 | Unlawful termination without process under CSL §75 |
| | Leary and Baldwin conspired to selectively enforce ethics rules after Plaintiff applied for a boxing judge license in 2014-2015, and email dated June 7, 2018 | First, Second Causes of Action; ¶¶74, 136, 156 | Leary prevented Plaintiff from becoming a boxing judge; required Plaintiff's resignation as a boxing judge in Virginia; Baldwin emailed Leary on June 7, 2018 |
| | Baldwin appeared at the DHR hearing on August 16, 2021 to disrupt the proceeding | Second, Fifth Causes of Action; ¶¶158, 185 | Baldwin attempted to thwart Plaintiff's DHR case by influencing the ALJ |
| | Estrella-Castillo falsely claimed ALJ Erazo retired | [This claim is not against Leary or Baldwin] | |
| | Coordination between DOS, NYSAC, DHR and DOL on Plaintiff's DOL complaint | First, Second, Fifth Causes of Action; ¶¶140-148, 164, 191-195 | DOL and NYSAC/DOS colluded regarding Plaintiff's DOL complaint; DOL exceeded authority; NYSAC and DOL individuals conspired |
| | Witness Seme, Signorile and Ward were intimidated | ¶79 | Seme's employment was terminated after witnessing Giardina ask Plaintiff for a hug |
| | The parties engaged in financial exhaustion and Plaintiff could not afford an Article 78 appeal, which is inadequate to address Plaintiff's claims | [Not referenced in NYS Complaint] | |

14

| Instant Matter | | NYS Lawsuit | |
|---|---|---|---|
| | DHR engaged in retaliatory obstruction of her EEOC complaint | [This claim is not against Leary or Baldwin] | |
| | DHR's adoption of ALJ recommendation was intended culmination of conspiracy | [Not referenced in NYS Complaint] | |
| **Count VIII Section 1983 - Deprivation of Property Without Due Process (All Defendants)** | Plaintiff had a property interest in her continued employment, terminable only through CSL §75 process | First and Fifth Causes of Action; ¶¶126-135, 187 | Unlawful termination without providing process under CSL §75 |
| | Denial of process was retaliation for engaging in protected activity | First and Fifth Causes of Action; ¶¶126-135, 187 | Unlawful termination without providing process under CSL §75 |

In analyzing the separate counts, it is clear that Plaintiff already had her day in court. Plaintiff's Title VII claims in Counts I, II and III are virtually identical to Plaintiff's prior Section 1983 claims in the NYS Lawsuit; and thus, are barred by *res judicata*. The timing of Plaintiff's Notice of Right to Sue does not change this reality, as it is well-settled that, regardless of timing, if the claims are "nearly identical" and "stem from the same defendants' harassing behavior," the Title VII lawsuit must be dismissed (Hernandez, 914 F. Supp. at 75 [dismissing Title VII suit after an earlier Section 1983 action had been adjudicated with the same facts]; see also, Woods, 972 F.2d at 38-39 [holding, where a second lawsuit is filed alleging Title VII violations, "[t]he district court correctly determined that the present action involves the same transaction, and therefore the same cause of action, for res judicata purposes"]).

The same is true for Plaintiff's claims pursuant to Section 1983 and Section 1981, under Counts IV, V, VI, VIII and a portion of Count VII. As most of Plaintiff's allegations supporting

15

these claims are virtually identical to those asserted in her NYS Lawsuit, Plaintiff's Section 1983 and 1981 claims must be dismissed[2] (see e.g. Valle v. Bally Total Fitness, 2003 WL 22244552, at *3 [SDNY 2003] [dismissing claims under Section 1983, because it "was adjudicated on its merits" in a prior proceeding, and the court's "decision now marks the second time that this Court has dismissed Plaintiff's claims brought pursuant to 42 U.S.C. §1983, Title VII, and the Age Discrimination in Employment Act involving the same factual circumstances"]).

Accordingly, Counts I, II, III, IV, V, VI, VIII, as well as a portion of Count VII of the Complaint must be dismissed as against the Moving Defendants under the doctrine of *res judicata*.

## POINT II

### PLAINTIFF'S SECTION 1981 AND SECTION 1983 CLAIMS ARE TIME BARRED AND MUST BE DISMISSED

"Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss" (Markel American Insurance Company v. Mr. Demolition, Inc., 717 F.Supp.3d 238, 244 [EDNY 2024] [internal citations and quotations omitted]). Although FRCP 12(b) "does not enumerate failure to comply with the statute of limitations as a ground for dismissal," it is well-settled that a "motion to dismiss on this ground generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)" (Adams v. Crystal City Marriott Hotel, No. 02 Civ.10258 PKL, 2004 WL 744489, at *2 [SDNY April 6, 2004]; see also, Ellul v. Congregation of Christian Bros., 774 F.3d 791, fn. 12 [2d Cir. 2014] ["Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint"]).

---

[2] Plaintiff's relatively few new claims are addressed below in Point IV.

It is clear from the face of Plaintiff's Complaint that her Section 1981 and Section 1983 claims are time barred.

**A.    Plaintiff's Section 1981 Claim is Time Barred.**

"The statute of limitations applicable to §1981 claims is three years" (Fouche v. St. Charles Hosp., 43 F.Supp.3d 206, 214 [EDNY 2014]). As all of Plaintiff's claims under 42 U.S.C. §1981 occurred more than three years prior to the filing of this matter, Count IV must be dismissed. Specifically, Plaintiff claims that Defendants Leary, Sumbler and Giardina "subjected Ms. Perry to a racially hostile work environment, denied her promotion based on race, applied disciplinary standards differently based on race, and terminated her employment in retaliation for opposing racial discrimination" (Complaint, ¶204). All of these allegations arise from Plaintiff's employment with NYSAC, which was terminated on April 25, 2018 (Complaint, ¶78). Thus, in order for her claim to be viable, she was required to file it on or before April 24, 2021. As Plaintiff commenced this suit on January 31, 2025, she was almost four years too late.  Thus, Count IV of Plaintiff's Complaint must be dismissed as untimely.

**B.    The Majority of Plaintiff's Section 1983 Claims are Time-Barred.**

Although the text of 42 U.S.C. §1983 does not include a statute of limitations, Courts have ruled that the applicable limitations period is three (3) years (see Ormiston v. Nelson, 117 F.3d 69, 71 [2d Cir. 1997] [recognizing "New York's three-year statute of limitations for unspecified personal injury actions, New York Civil Practice Law, and Rules §214(5), governs section 1983 actions in New York"]; Bermudez v. City of New York, 783 F.Supp.2d 560 [SDNY 2011]; Owens v. Okure, 488 U.S. 235, 251 [1989]). This same three-year limitations period applies to Plaintiff's due process claims under the Fourteenth Amendment (see Richard v. Leclaire, 9:15-CV-00006 (BKS/TWD), 2017 WL 9511181, at *9-10 [NDNY July 10, 2017]; Johnson v. Scanlon, No. CV–

17

91–1807 (CPS), 1992 WL 398312 [EDNY December 21, 1992]); as well as her allegations of First Amendment retaliation (see Raymond v. City of New York, 317 F.Supp.3d 746 [SDNY 2018]). Plaintiff's claims pursuant to Section 1983 are time barred for the following reasons.

**1.    Count V is Time Barred.**

Plaintiff's claims under Count V of the Complaint are based on assertions that the Moving Defendants "intentionally discriminated against [her] on the basis of her race … and her sex," when they engaged in the following purported actions:

(a) Selectively enforcing ethics rules to restrict her economic opportunities while permitting white employees at all levels to pursue industry positions without consequence;

(b) Terminating her based on a pretextual "breach of protocol" charge while not disciplining a white male supervisor with greater responsibility for the same incident;

(c) Denying her promotional opportunities based on her race and sex, and her advocacy against discrimination;

(d) Treating workplace violence complaints differently based on the race of the complainant and the accused, subjecting Black male employees to full criminal investigations based on meritless complaints while dismissing credible, witnessed complaints by Black women against white men;

(e) Creating and maintaining a hostile work environment in which she was subjected to racial slurs and gender-based slurs and discriminatory treatment;

(f) Retaliating against her for opposing racial and sexual discrimination by manufacturing pretexts for her termination.

(Complaint, ¶¶208-215). As with Plaintiff's Section 1981 claim, all of these allegations arise from Plaintiff's employment with NYSAC, which was terminated on April 25, 2018 (Complaint, ¶78). Thus, in order for her Count V claims to be viable, Plaintiff was required to file them by April 24, 2021. Because she commenced this suit on January 31, 2025, Count V of the Complaint must be dismissed as untimely.

18

## 2. Count VI is Time Barred.

In Count VI of the Complaint, Plaintiff alleges that the Moving Defendants violated the First Amendment by retaliating against her for engaging in protected speech. Specifically, Plaintiff's allegations include the following claims of retaliation:

(a) Terminating her employment just 19 days after her Inspector General complaint was unmasked and 3 days after she reported the death threat;

(b) Manufacturing a pretextual "breach of protocol" charge to justify her termination; and

(c) Terminating witnesses who supported her claims (Seme, Signorile).

(Complaint, ¶222). Because the allegations in (a) and (b) above relate to Plaintiff's termination on April 25, 2018, they are time-barred. Moreover, Plaintiff asserts that Mr. Seme was discharged on in March 2017 (Complaint, ¶¶49-50), and Mr. Signorile's appointment as Commissioner was terminated in June 2018 (Complaint, ¶92). Thus, this claim is also time barred. The applicable portions of Count VI must be dismissed as untimely.

## 3. Count VII is Time Barred.

In Count VII of the Complaint, Plaintiff alleges that Defendants Leary and Baldwin conspired with Defendant Estrella-Castillo to violate Plaintiff's civil rights and deny her access to the courts. Plaintiff's allegations in support of this claim include the following:

(a) Events that took place between 2014 and 2015 when Plaintiff sought to apply for a boxing judge license (Complaint, ¶235);

(b) NYSDOS "officials actively monitored and coordinated responses to Plaintiff's complaints" as evidenced by a July 7, 2018 email (Complaint, ¶236).

(c) "Baldwin personally appeared at the initial DHR hearing on August 16, 2021" to cause a deliberate disruption (Complaint, ¶238).

(d) Jean Seme's employment was terminated in March 2017 after he allegedly witnessed Giardina's sexual harassment (Complaint, ¶245[a]).

19

(e) John Signorile's appointment as Commissioner was terminated in June 2018 (Complaint, ¶245[b]).

As is clear from the face of the Complaint, each of these allegations is untimely and must be dismissed.

### 4.    Count VIII is Time Barred.

In Count VIII of the Complaint, Plaintiff alleges that she had a "protected property interested in her continued employment with NYSAC" (Complaint, ¶263), and asserts that:

> Defendants deprived Ms. Perry of this property interest without due process by: (a) Terminating her employment without providing prior written notice of charges; (b) Failing to provide any statement of reasons for her termination; (c) Denying her any pre-termination or post-termination hearing as required by law; (d) Terminating her based on a manufactured pretext rather than for legitimate cause; and (e) Bypassing the procedural protections of Civil Service Law §75 entirely.

(Complaint, ¶264). Except for Plaintiff's allegations under CSL §75, these claims arise from her employment with NYSAC, which was terminated on April 25, 2018 (Complaint, ¶78). Thus, in order for Plaintiff's Count VIII Section 1983 claims to be viable, Plaintiff was required to file them by April 24, 2021. Because this action was commenced on January 31, 2025, plaintiff's Section 1983 claims in Count VIII are untimely.

Plaintiff's CSL §75 claim is barred on jurisdictional grounds, in that she was required to contest these issues through an Article 78 proceeding, which must be filed within four months of notice of termination (see Sanders v. New York City Dept. of Housing Preservation and Development, 127 A.D.3d 453 [1st Dept. 2015] [holding the court "correctly dismissed the proceeding as time-barred," as the petitioner "failed to commence this proceeding within four months of receiving notice of her termination]). Plaintiff's purported Section 75 claim in Count VIII of the Complaint must be dismissed as untimely.

20

**C.    Plaintiff's Conspiracy Claims are Time Barred.**

It is irrefutable that "civil conspiracy cannot be alleged as a separate claim because New York law does not recognize civil conspiracy as an independent tort" (Decter v. Second Nature Therapeutic Program, LLC, 42 F.Supp.3d 450, 463 [EDNY 2014]. Thus, to the extent Plaintiff's conspiracy claims under Count VII of the Complaint (Complaint, ¶¶226-261) are based on underlying torts that are time barred, Plaintiff's conspiracy claims must be dismissed.

**POINT III**

**PLAINTIFF'S SECTION 1983 CLAIMS FAIL AS A MATTER OF LAW, BECAUSE THE STATE HAS NOT WAIVED IMMUNITY, AND THE MOVING DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**

**A.    Plaintiff's Section 1983 Claims Against NYSDOS and NYSAC are Barred by Sovereign Immunity.**

Plaintiff's Section 1983 claims against NYSDOS and NYSAC should be dismissed as a matter of law, because a State is not a "person" under the statute (Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 [1989]). The Will court explained:

> The doctrine of sovereign immunity was a familiar doctrine at common law. The principle is elementary that a State cannot be sued in its own courts without its consent. It is an established principle of jurisprudence that the sovereign cannot be sued in its own courts without its consent. We cannot conclude that §1983 was intended to disregard the well-established immunity of a State from being sued without its consent.

(Will, supra, at 67 [internal quotations omitted]). It is well established that only "persons" can be held liable under Section 1983. As there is no dispute that NYSDOS and NYSAC, as New York State agencies, are not "persons" under Section 1983, no claim may be pursued against them, and Plaintiff's claims against NYSDOS and NYSAC must be dismissed for lack of jurisdiction.

The State of New York has only "waived its immunity from liability" where plaintiffs "sue in accordance with the Court of Claims Act (1963)" (McNeil v. U.S. Dept. of Housing and Urban

Development, 293 F. Supp. 300, 301 [SDNY 1968]). As the Court in McNeil explained, "[t]his limited waiver of immunity from suit except by lawful process in the Court of Claims of New York deprives the federal district court, by force of the Eleventh Amendment, of jurisdiction" (id.). Thus, Plaintiff's Section 1983 claims against NYSDOS and NYSAC in Counts VI and VIII must be dismissed.

**B.    Plaintiff's Section 1983 Claims Against the Moving Defendants are Barred by Qualified Immunity.**

"Qualified immunity shields government officials from liability for civil damages when they are sued in their personal capacity as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, insubstantial lawsuits" (Karol v. City of New York, 396 F.Supp.3d 309, 319 [SDNY 2019] [internal citations and quotations omitted]). This qualified immunity applies "unless the plaintiff identifies facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct" (id. [internal citations and quotations omitted]). As such, the Moving Defendants "are entitled to qualified immunity if it was objectively reasonable for them to believe that their actions did not violate plaintiff's constitutional rights" (Pendleton v. Goord, 849 F.Supp.2d 324, 333 [EDNY 2012]).

The DHR previously ruled, after a comprehensive and lengthy hearing process, that Plaintiff was not subjected to discrimination, harassment or retaliation in connection with her employment or separation from NYSAC (see Ex. C to Joslin Aff.). Thus, it is respectfully submitted that it was "objectively reasonable" for the Moving Defendants to believe that their actions did not violate Plaintiff's constitutional rights.

**POINT IV**

**SEVERAL CAUSES OF ACTION MUST BE
DISMISSED FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED**

**A.      The FRCP 12(b)(6) Standard.**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief'" (Ashcroft v. Iqbal, 556 U.S. 662, 677-678 [2009]; quoting, FRCP 8[a][2]). While the pleading standard "does not require 'detailed factual allegations,'" a plaintiff must proffer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (id. at 678, quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 [2007]). As the Supreme Court explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' … Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (Iqbal at 678, quoting Twombly at 555, 557). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (Iqbal at 678, quoting Twombly at 570).

The Supreme Court pointed to "two working principles" when assessing whether a cause of action states a claim upon which relief can be granted under FRCP 12(b)(6) (Iqbal supra, at 678), namely: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (id.); and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss" (id. at 679).

In the event Plaintiff's claims survive in spite of the above-stated reasons, they are nevertheless subject to dismissal for failure to state viable claims under FRCP 12(b)(6).

23

**B.**    **Plaintiff's Section 1983 Claims Are Not Viable under FRCP 12(b)(6).**

In Counts V through VIII of the Complaint, Plaintiff included several stray assertions that the Moving Defendants violated Section 1983. To state a claim under Section 1983, Plaintiff must demonstrate "two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges" (Quinn v. Nassau County Police Dept., 53 F.Supp.2d 347, 354 [EDNY 1999]). As Plaintiff cannot meet these elements, the following claims must be dismissed as a matter of law.

**1.**    **Plaintiff's Conspiracy Claims Must Be Dismissed.**

To sustain a conspiracy claim under Section 1983, Plaintiff must demonstrate that the Moving Defendants "acted in a willful manner, culminating in an agreement, understanding or meeting of the minds, that violated the plaintiff's rights … secured by the Constitution or the federal courts" (Reeder v. Hogan, Civil Action No. 9:09–CV–0977 (GTS/DEP), 2011 WL 1484118, at *6 [NDNY March 1, 2011]; Malsh v. Austin, 901 F. Supp. 757, 763 [SDNY 1995]). "Conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief under section 1983" (Reeder, supra, at *6).

Further, "the intra-corporate conspiracy doctrine provides that with exceptions not now presented, an entity cannot conspire with one or more of its employees, acting within the scope of employment, and thus a conspiracy claim conceptually will not lie in such circumstances" (Reeder, supra, at fn. 9). This doctrine further provides that "the officers, agents, and employees of a single corporate entity, each acting within the scope of her employment, are legally incapable of conspiring together" (Swanhart v. New York, No. 20 Civ. 6819 (NSR), 2022 WL 875846, at *5 [SDNY March 24, 2022] [internal citations and quotations omitted]; see also, Jackson v. New York

24

State, 381 F.Supp.2d 80, 90 [NDNY 2005] [dismissing plaintiff's Section 1983 conspiracy claim "because it does not allege an agreement between a state actor and a private entity, and because all of the alleged co-conspirators are employees of New York State"]).

As is clear from the fact of the Complaint, Plaintiff here has pled nothing more than mere conjecture regarding an alleged conspiracy among the Moving Defendants or between the Moving Defendants and Estrella-Castillo. Because the Moving Defendants cannot conspire with themselves as a matter of law, Plaintiff's claims against them on that basis must be dismissed.

### 2.      Plaintiff's Claim that the Moving Defendants Violated CSL §75 is Meritless.

Plaintiff claims that her termination was unlawful because the Moving Defendants did not follow the requirements of CSL §75. Not only is this claim untimely, as stated above, but it must be dismissed as a matter of law because she was not entitled to such "process" under Section 75.

Plaintiff was a part-time, per diem, at-will Inspector, who served at the pleasure of the New York Secretary of State (Complaint, ¶¶3-6; see N.Y. Gen. Bus. Law §1005 ["The secretary of state may appoint, and at his or her pleasure remove, an executive director, deputies, officers, *inspectors*, physicians and any such other employees as may be necessary to administer the provisions of this article"], emphasis supplied). Because Plaintiff was employed "at-will" by NYSAC, there is no factual or legal basis for Plaintiff to claim that she was entitled to any "process" at all under CSL §75. Accordingly, Plaintiff's claims under Section 75 must be dismissed as a matter of law.

### 3.      Plaintiff Was Not Denied Meaningful Access to the Courts.

As part of Count VII of the Complaint, Plaintiff asserts that she was denied access to the courts and administrative processes because: (a) she could not afford an Article 78 appeal; and (b) the Article 78 process is inadequate as the "review is limited by statute to whether DHR followed

25

its administrative procedures" (Complaint, ¶251).[3] Neither of these allegations state a claim upon which relief can be granted.

The DHR appeal processes are proscribed by law. Once Plaintiff decided to pursue her DHR claims, she "elected her remedy" and could no longer bring a court action alleging a violation of the New York Human Rights Law (see N.Y. Exec. Law §297[9] [explaining, "At any time prior to a hearing before a hearing examiner, a person who has a complaint pending at the division may request that the division dismiss the complaint and annul his or her election of remedies so that the human rights law claim may be pursued in court, and the division may, upon such request, dismiss the complaint on the grounds that such person's election of an administrative remedy is annulled"]). Plaintiff's DHR claims were subject to a lengthy and comprehensive hearing, as referenced by the Plaintiff throughout the Complaint. Following the DHR's November 7, 2024 final decision, Plaintiff had sixty (60) days to file an Article 78 Petition (Ex. C to Joslin Aff.). As acknowledged by Plaintiff, she failed to file such an appeal (Complaint, ¶250; see also Joslin Aff. ¶7).

Although Plaintiff asserts in the Complaint that the Article 78 process is inadequate, New York courts disagree with her. "It is well-established that the Article 78 proceeding 'constitutes a wholly adequate post-deprivation hearing for due process purposes'" (Tessler v. Paterson, 768 F.Supp.2d 661, 671 [SDNY 2011], quoting Locurto v. Safir, 264 F.3d 154, 174 [2d Cir. 2001]). Further, this remedy is statutory, as provided in New York Executive Law §298: "Any complainant … aggrieved by an order of the commissioner which is an order after public hearing, … may obtain judicial review thereof … Such proceeding shall be initiated by the filing of a notice of petition and petition…" Thus, Plaintiff's allegations regarding the Article 78 process do not amount to a

---

[3] Plaintiff also claims that the DHR failed to process her EEOC complaint, and that the adoption of the ALJ's recommendation perpetuated a property deprivation (Complaint, ¶¶254-257). These claims do not involve any misconduct by the Moving Defendants, and are not addressed here.

26

claimed conspiracy; and Plaintiff is bound by her election of remedies. As Plaintiff failed to follow the requisite Article 78 process, her claims in this regard must be dismissed as a matter of law.

### 4. Plaintiff's Allegation that Counsel Disclosed Her Medical Information in Retaliation is Meritless.

As part of Count VI of the Complaint, Plaintiff alleges that the undersigned counsel retaliated against her by attempting to disclose her confidential medical information in her own NYSDOL proceedings (Complaint, ¶¶ 128-134). Although it is unclear, Plaintiff appears to assert that such attempted disclosure was "in retaliation for her persistence in pursuing her claims" (id., ¶222). This claim is without merit. Plaintiff has not (and cannot) plead that Defendants' counsel acted under the "color of state law" as required to maintain a Section 1983 claim (see Quinn, supra; see also, McArthur v. Bell, 788 F. Supp. 706, fn. 1 [EDNY 1992] [confirming that a "private attorney representing a client in either a civil or criminal action is not a state actor," unless the "private party … conspires with state actors"]). As Plaintiff has not pled that counsel conspired with any state actors, this assertion must be dismissed.

### 5. There is No Basis for Plaintiff's Allegations that the Moving Defendants Retaliated Against Any Witnesses.

As discussed above, Plaintiff's claims regarding the alleged wrongful termination of Mr. Seme and Mr. Signorile are barred by the statute of limitations. Regardless, Plaintiff lacks standing to allege that terminating the employment or appointment of any of her witnesses was a "retaliatory action" taken against her under Section 1983 (see Garel v. City of New York, No. CV-04-3506(CBA)(JMA), 2006 WL 3024725, at * 3 [EDNY October 23, 2006] [holding that "[t]here is no authority which broadens the definition of adverse act" to allow a plaintiff to claim that retaliation against a witness is "the kind of 'adverse action' that Title VII (or Section 1981 or 1983) envisions"]; Kern v. City of Rochester, 93 F.3d 38, 44 [2d Cir. 1996] [holding that the plaintiff

27

"lacks standing to raise a §1983 claim on the basis of retaliation against" his witness"]). While the court in Garel recognized that "some courts have permitted retaliation claims based on third-party standing," such standing does not exist when the Plaintiff does not allege that she was the "victim of any retaliation" (Garel, supra, at *3). As Plaintiff has not pled that *she* was subjected to retaliation in the purported terminations of these witnesses, this allegation must be dismissed.

**6.    The Alleged Continued Presence of a Reporter is Not Grounds for Any Claim Against the Moving Defendants.**

Plaintiff asserts that the continued presence of a reporter who allegedly made a threat against her "constitutes ongoing retaliation and maintenance of a hostile environment" (Complaint, ¶139). As reflected above, a Section 1983 claim requires Plaintiff to plead that "as a result of the defendant's actions, [she] suffered a denial of [her] federal statutory rights, or [her] constitutional rights or privileges" (Quinn, supra, at 354). Because Plaintiff did not allege that her statutory or constitutional rights have been denied as a result of this reporter's presence at NYSAC events, this claim must fail as a matter of law (Complaint, ¶¶136-139).

28

## **CONCLUSION**

For the reasons set forth herein, it is respectfully submitted that all of Plaintiff's claims against the Moving Defendants should be dismissed as a matter of law.

Dated:  April 29, 2026                          Respectfully submitted,

**GLEASON, DUNN, WALSH & O'SHEA**

By _____

LISA F. JOSLIN, ESQ.
Bar Roll No. LJ9245
**NANCY S. ALEXANDER, ESQ.**
Bar Roll No. 5750120

*Attorneys for Defendants NYSAC, NYSDOS, Leary, Sumbler, Giardina and Baldwin*
300 Great Oaks Blvd, Suite 321
Albany, New York 12203
(518) 432-7511

29

## CERTIFICATION OF COMPLIANCE WITH

### Local Civil Rule 7.1(c)

I hereby certify that the foregoing Memorandum of Law was prepared on a computer using Microsoft Word. A proportionally spaced typeface was used, as follows: Times New Roman in 12 point type.

I further hereby certify the foregoing Memorandum of Law contains 8,499 words and is therefore in compliance with Local Civil Rule 7.1(c) for the United States District Court for the Southern District of New York.

Dated: Albany, New York
      April 29, 2026

          **GLEASON DUNN WALSH & O'SHEA**

By_____
          Lisa F. Joslin, Esq.
          Bar Roll No. LJ9245
          *Attorneys for Moving Defendants*
          300 Great Oaks Boulevard, Suite 321
          Albany, New York 12203
          (518) 432-7511
          ljoslin@gdwo.net