CD&M

MICHAEL C. CONWAY
RYAN T. DONOVAN*
RYAN E. MANLEY

Conway, Donovan & Manley, PLLC
*Attorneys and Counselors at Law*
50 State Street, Floor 2
Albany, New York 12207
www.lawcdm.com

MICHAEL LAWSON
LAUREN MORDACQ

CHRISTIAN F. HUMMEL
*Senior Counsel*

* *Also admitted in Massachusetts*

www.lawcdm.com

Telephone: 518.436.1661
Facsimile: 518.432.1996
*Service by fax not accepted*

July 14, 2026

**VIA ECF**

Honorable Henry J. Ricardo
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: **Perry v. New York State Athletic Commission, et. al.**
**Case No.: 1:25-cv-00938 (JPC-HJR)**

Dear Judge Ricardo:

Judge Lilliana Estrella-Castillo respectfully submits this letter in accordance with your Individual Rules, requesting a pre-motion conference with respect to her anticipated motion to dismiss Plaintiff's Third Amended Complaint.

At all relevant times, Judge Estrella-Castillo was the Chief Administrative Law Judge for the New York State Division of Human Rights. Plaintiff's Third Amended Complaint ("TAC") contains claims against Judge Estrella-Castillo in her personal capacity. According to the TAC, in essence, Judge Estrella-Castillo is named as she allegedly violated Plaintiff's constitutional rights when she reassigned Plaintiff's New York State Division of Human Rights case to a new judge upon the retirement of the previously assigned judge.

Plaintiff alleges nine (9) causes of action in her TAC: (1) Title VII Race Discrimination, Sex Discrimination, Hostile Work Environment, and Retaliation against NYSAC and DOS; (2) 42 U.S.C. § 1981 Race Discrimination and Retaliation against the Individual Defendants; (3) 42 U.S.C. § 1983 Equal Protection against the Individual Defendants; (4) 42. U.S.C. § 1983 First Amendment Retaliation against the Individual Defendants; (5) 42 U.S.C. § 1983 Conspiracy against the Individual Defendants; (6) 42 U.S.C. § 1983 Due Process/Stigma-Plus against the Individual Defendants; (7) 42 U.S.C. § 1985 Interference with Witness Testimony against Defendants Baldwin, Leary, Giardina and Sumbler; (8) 42 U.S.C. § 1985 Conspiracy to Deprive Equal Protection against Defendants Baldwin, Herman, Giardina, Sumbler, Leary, and Estrella-

Castillo; and (9) 42 U.S.C. § 1983 Due Process and Equal Protection: Non-Adjudicative Administrative Interference against Defendant Estrella-Castillo.

Notably, it appears that Plaintiff specifically alleges the following causes of action against Judge Estrella-Castillo: race discrimination and retaliation (pursuant to § 1981), equal protection (pursuant to § 1983), retaliation (pursuant to the First Amendment/§ 1983), conspiracy (pursuant to § 1983), due process/stigma-plus (pursuant to § 1983), conspiracy to deprive equal protection (pursuant to § 1985), and due process and equal protection (pursuant to § 1983).

Although the Court must accept Plaintiff's factual allegations as true for purposes of this motion, it is equally significant what the TAC does *not* allege. Plaintiff does not allege that Judge Estrella-Castillo discriminated against her, retaliated against her, communicated with the Department of State or any other defendant regarding Plaintiff, participated in Plaintiff's termination, decided Plaintiff's Division of Human Rights proceeding, or otherwise deprived Plaintiff of any constitutional right. Indeed, Plaintiff affirmatively alleges that Judge Estrella-Castillo did not preside over the hearing, weigh evidence, resolve credibility disputes, or make any adjudicative determination. As such, the TAC fails to plead the personal involvement necessary to state a claim under 42 U.S.C. § 1983 or 42 U.S.C. § 1981 and instead attributes to Judge Estrella-Castillo only routine administrative case management functions.

Moreover, the conduct challenged by Plaintiff falls squarely within Judge Estrella-Castillo's quasi-judicial responsibilities and is therefore protected by absolute judicial/quasi-judicial immunity. The reassignment of an administrative proceeding, management of hearing schedules, and assignment of Administrative Law Judges are functions integral to the judicial process and cannot serve as the basis for personal liability. Even if the Court were to conclude that absolute judicial immunity does not apply, Judge Estrella-Castillo is nevertheless entitled to qualified immunity because Plaintiff identifies no clearly established constitutional or statutory right prohibiting the reassignment of an administrative proceeding to a different Administrative Law Judge. In the absence of any clearly established law placing the alleged conduct beyond constitutional bounds, qualified immunity provides an independent basis for dismissal.

At this time, Judge Estrella-Castillo intends to move to dismiss the TAC on several grounds as indicated below[1]:

(1) Plaintiff has failed to state a claim under Rule 12(b)(6) for all claims;
(2) Judge Estrella-Castillo is entitled to absolute judicial/quasi-judicial immunity as she was performing judicial functions when she reassigned Plaintiff's case to a new judge;
(3) Judge Estrella-Castillo was not personally involved in any alleged constitutional deprivations; and
(4) Judge Estrella-Castillo is entitled to qualified immunity as Plaintiff cannot make out a violation of a clearly established constitutional right and Judge Estrella-Castillo reasonably believed that reassigning a judge to Plaintiff's case was a lawful act under the Constitution.

[1] Judge Estrella-Castillo reserves the right to advance additional arguments in support of her motion to dismiss.

Based upon the foregoing, Judge Estrella-Castillo respectfully requests that a pre-motion conference be scheduled at the court's convenience to allow this motion to proceed and set a briefing schedule.

Respectfully Submitted,

**CONWAY, DONOVAN & MANLEY, PLLC**

*Lauren N. Mordacq*

Lauren N. Mordacq
LMordacq@lawcdm.com

LNM:phb
cc.: All Counsel (via ECF)